291 So.2d 429 (1974)
E. B. HILMAN, Plaintiff-Appellant,
v.
SUCCESSION of O. C. MERRETT, Defendant-Appellee.
No. 12185.
Court of Appeal of Louisiana, Second Circuit.
January 8, 1974.
*430 Hamilton & Sermons by Joel M. Sermons, Shreveport, for plaintiff-appellant.
Mecom, Scott & Woods by B. J. Woods, Shreveport, for defendant-appellee.
Before AYRES, BOLIN and PRICE, JJ.
AYRES, Judge.
This action, instituted on February 23, 1973, has for its object the recognition of an account for money lent and advances of cash made by E. B. Hilman to O. C. Merrett on which there was a balance, including interest to March 10, 1971, of $13,637 allegedly due for which plaintiff also seeks to recover judgment.
Hilman having died after the institution of this action, James Russell Reeves, executor of his succession, was substituted and made party-plaintiff.
To plaintiff's action, defendant interposed a plea of thee years' prescription liberandi causa under the provisions of LSA-C.C. Art. 3538. This plea was sustained and plaintiff's demands were accordingly rejected. From the judgment, plaintiff prosecutes a devolutive appeal.
*431 The initial entry on the account is an advance of $500 by check dated December 23, 1960. Following thereafter are 66 other entries indicative of other advances, accrued interest charges, and payments. The account is concluded by the showing of a balance for which plaintiff seeks recognition and judgment.
Only three of the entries on the account are material in giving consideration to the plea of prescription. These are a payment of $1,200, evidenced by a check credited on the account under date of December 10, 1969, and two other credits listed as of February 25, 1970, in the respective sums of $300 and $75 which result from the return of some furniture listed on the account merely as "merchandise."
Plaintiff contends that the payment by the aforesaid check and the return of the furniture for credit took place on the same date, that is, on the date the entries for credit for the furniture were made. The account shows that the entries were dated February 25, 1970, as already noted; whereas the check is dated December 9, 1969, and was paid by the bank on which it was drawn on December 10, 1969. As previously noted, the account lists this credit as having been made on the last-named date.
Moreover, Mrs. A. R. Horn, a friend, a close associate, and a housekeeper for Merrett during the last four or five years of his life, and his attendant during his terminal illness, testified she witnessed the transaction between Merrett and Hilman with respect to the check and the furniture; she heard their discussion, and that the furniture transaction took place simultaneously with the execution and delivery of the check. This witness understood that the agreement completed the financial matters between the parties. In this latter respect, Mrs. Horn's testimony is supported by the notation on the check: "Paid E. B. Hilman in full as our agreement." The witness testified that the furniture, which was stored in her garage at her residence, was picked up by Hilman through his representatives within three or four days following the execution of the check and the consummation of the agreement with regard to the furniture. Mrs. Horn's testimony is before the court uncontradicted. Plaintiff produced no witnesses.
The above uncontradicted state of facts appears adequate to support whatever burden rests upon defendant with respect to the plea of prescription. As a general rule, the burden of proof rests upon a defendant pleading prescription as an affirmative defense. However, under an exception to the rule, where the petition of plaintiff, on its face, or the documents attached thereto and made a part thereof show that the cause of action has prescribed, plaintiff must allege and prove facts sufficient to show a suspension or interruption of prescription to bring the action within the prescriptive period. Derryberry v. Hollier, D.C., 334 F.Supp. 677 (1971); Hunter v. Sisters of Charity of Incarnate Word, 36 So.2d 565, 567 (La. App., 1st Cir., 1970).
Furthermore, where the burden of proving that prescription has been interrupted rests upon the creditor, the proof must be clear, specific, and positive. Lake Providence Equip. Co. v. Tallulah Pro. Cr. Ass'n, 257 La. 104, 241 So.2d 506, 508 (1970).
These rules apply in actions on open accounts. Gibson Greeting Cards, Inc. v. Cabibi, 237 So.2d 897, 898 (La.App., 4th Cir., 1970); Deluxe Filling Station v. Mee, 152 So. 784 (La.App., 2d Cir., 1934).
No proof was offered by plaintiff.
For the aforesaid reasons, the plea of prescription was properly sustained. The judgment appealed is therefore affirmed at plaintiff-appellant's costs.
Affirmed.