400 So.2d 340 (1981)
Mrs. Margaret Brauer EMERY
v.
Harry R. CABRAL, Jr.
No. 11911.
Court of Appeal of Louisiana, Fourth Circuit.
June 2, 1981.
Rehearing Denied July 13, 1981.
*341 Harry R. Cabral, Jr., in pro. per., Garland R. Rolling, Michael Baham, Metairie, for defendant-appellee.
Donelon, Cannella & Donelon, James L. Cannella, Metairie, for plaintiff-appellant.
Before SCHOTT, KLIEBERT and KLEES, JJ.
KLEES, Judge.
Plaintiff, Mrs. Margaret Brauer Emery, brought this suit against defendant Harry R. Cabral, Jr., to seek payment on a promissory note dated May 25, 1970, payable to the order of herself in the principal sum of Fifty Thousand ($50,000.00) Dollars, payable on demand, with interest thereon at the rate of seven (7%) per cent per annum from maturity until paid. On August 21, 1979, Plaintiff filed suit on the said note. Defendant filed an Exception of Prescription on the grounds that the note and obligation sued upon had prescribed. The Exception of Prescription was set for hearing, and the matter was submitted based upon two (2) stipulations which were entered into the record on that date. The Trial Court sustained the exception and concluded,
"... it is this Court's opinion that the only evidence worthy of consideration in the instant case is the letter written by the defendant to the plaintiff after the note prescribed. Since the aforementioned jurisprudence, which is on all fours with the instant case, holds, without questions, that mere acknowledgement of a debt is insufficient to interrupt prescription, there will be judgment in favor of defendant maintaining his exception of prescription dismissing plaintiff's suit at plaintiff's cost." (TR19)
Plaintiff Emery has appealed from the dismissal of her suit. Defendant Cabral relied upon LSA C.C. Art. 3540; fixing a five year liberative prescription period for promissory notes. Plaintiff Emery cites LSA C.C. Art. 3520 and bases her argument upon an acknowledgment by defendant sufficient to interrupt prescription.
On appeal, Appellant raised two issues (1) whether the promissory note given by defendant to plaintiff had prescribed and (2) whether the acts or statements set forth in stipulations # 1 and #2 have acted to interrupt prescription in any manner.
The Trial Court in this case was presented with two stipulations. Stipulation No. 1, "Sometime between July 21 and July 29, 1974, there was a meeting in the office of Harry R. Cabral, Jr., attended by H. Craig Cabral, Barry Cabral, and possibly Mrs. Margaret B. Emery, at which time there was a discussion of the possibility of swapping the note held by Mrs. Emery for legal services in connection with the Succession of Robert Emery to be performed by Mr. *342 Cabral. Stipulation No. 2 was the placing into evidence a letter dated July 29, 1976, from Harry R. Cabral, Jr., addressed to Mrs. Margaret Emery titled, Re: Succession of Robert Emery, III.
The general rule regarding the burden of proof is that when the plaintiff's petition shows on its face that the prescriptive period has run, and the plaintiff is contending that there was a suspension or interruption of prescription, the burden is on the plaintiff to prove the suspension or interruption. Cordova v. Hartford Accident and Indemnity Co., 378 So.2d 1088 (La.App. 3rd Cir. 1979); Yarbrough v. Louisiana Cement Company, Inc., 370 So.2d 602 (La.App. 4th Cir. 1979).
Furthermore, the recognition of the mere existence of a disputed claim is not such an acknowledgment within the contemplation of Article 3520 as will effect an interruption of the running of prescription. The acknowledgment must be accompanied by or coupled with a clear declaration of intent to interrupt the prescription then running. Marathon Insurance Co., v. Warner, 244 So.2d 353 (La.App. 2nd Cir. 1971).
LSA C.C. Art. 3520 does not require that such an acknowledgment be in any particular form. It may be made verbally, in writing, by partial payment, by payment of interest, by pledge, or in other ways; and it may be implicit or it may be inferred from the facts or circumstances. Flowers v. U. S. Fidelity and Guaranty Co., 381 So.2d 378 (La.1980) citing Lake Providence Equipment Co. v. Tallulah Prod. Cred., Ass'n, 257 La. 104, 241 So.2d 506 (1970).
This court, in attempting to apply the above enumerated rules, finds, after a consideration of the entire record, that stipulation No. 1 lacks the substance necessary to make a determination whether or not there was an interruption of prescription. It is well settled under LSA C.C.P. Art. 2164, that a case may be remanded for introduction of further evidence if grave injustice might result from failure to do so. State, through Department of Highways v. Freyer, 129 So.2d 114 (La.App.2nd Cir. 1961), Hamilton v. Hamilton, 258 So.2d 661, (La.App. 3rd Cir. 1972).
For the foregoing reasons, the judgment of the Trial Court herein sustaining defendant's exception of prescription is set aside, and the matter is remanded for further proceedings to take additional evidence in regards to stipulation No. 1. Costs of trial of the exception and this appeal are taxed in the proportions of one-half (½) to each party, other costs to await final disposition.
SET ASIDE AND REMANDED.