COVINGTON, Judge.
This suit was filed by the plaintiff on April 6, 1977, against the defendant, Parish of Lafourche through its Police Jury, for breach of contract, seeking specific performance or recovery of damages. From a judgment in favor of the parish maintaining defendant’s peremptory exception of prescription and dismissing his suit at his costs, plaintiff has devolutively appealed. We affirm.
This litigation arises out of the following set of facts: On April 15, 1965, Norris J. *99 Grabert, plaintiff's ancestor in title, granted a written servitude of drainage to the parish on an 18-acre tract of land in the Parish of Lafourche, State of Louisiana, which property was subsequently acquired by plaintiff and his wife from the widow and heirs of Grabert on May 22, 1974 [1] The servitude was in connection with a project known as the Bayou Folse Watershed Project. As part of the consideration for the drainage servitude, the parish agreed to install a concrete bulkhead along some sections of the proposed drainage canal. Plaintiff alleged in his petition that the parish, although having dredged the drainage canal and done other things in connection with the dredging operation, failed to construct the concrete bulkhead. Admittedly, the parish has not performed this obligation under the agreement. In response to the petition, the parish filed a peremptory exception of prescription of ten years.[2]
Both parties have agreed that the suit is for breach of contract and that the prescription of ten years applies, LSA-C.C. art. 3544. At the hearing on the exception, counsel for Autin stated:
... [W]e don’t dispute the facts as they relate to the time the suit was filed or when the contracts were entered into. Our whole contention is that prescription was interrupted in this particular case by Resolution of the Police Jury on May 24th, 1973, by Resolution of the Police Jury to re-confirm this commitment to build this particular bulkhead that is called for under the contract, and this is primarily where we stand. This is the issue before the Court .. . Whether or not the Resolution of 1973 did in fact interrupt prescription in this particular case... .
The contract was entered into between Grabert and the parish on April 15, 1965, and the suit was not filed until April 6, 1977, which is clearly not within the ten year prescriptive period unless there was an interruption of prescription.
It is plaintiff’s contention that interruption did in fact occur at the meeting of the Police Jury on May 24, 1973, and offered in evidence the testimony of two police jurors at the time, Harold Dantin and Hodges Folse, a certified copy of the resolution passed at the meeting[3], and a cassette tape of the entire meeting. The plaintiff also offered his own testimony, the testimony Wayne Bordelon, the district conservationist in the U.S. Department of Agriculture and Soil Conservation Service in Lafourche Parish, and the testimony of Avery Fonse-ca, an assistant to Carl Heck of Carl Heck Engineers, Inc. The defendant offered no evidence.
*100 After considering all of the evidence, the trial court rendered judgment on December 21, 1981 maintaining the exception of prescription, and stated, in written reasons for judgment that:
The Court has reviewed the testimony of the witnesses, the wording of the resolution and has carefully listened to that portion of the tape which covered the question involved in the trial of this exception.
It was clear that the resolution does affirm “that the Jury, in keeping with the original commitment to the Bayou Folse Watershed, reaffirms its commitment to build the Bayou Folse Road, to furnish the Bridge at Nicholls University, to furnish fencing required, and to furnish bulkhead.” The resolution, however, was directed not to Norris Grabert or to the present owner, Clifton Autin, but to the ASCS, the legislative delegation, and the Department of Public Works. The Court does not recall even hearing Norris Gra-bert’s name mentioned in the discussion which occurred prior to the passage of this resolution. As a matter of fact, the bulk of the discussion was concerned not with bulkheading but with the obligation to furnish “fill” in some sections of the project. It was a general discussion covering the entire Bayou Folse Watershed and not a specific discussion covering the property in question.
The Court has carefully read the jurisprudence cited by counsel for both the plaintiff and defendant and feels that the defendant’s position is sound. The present status of the jurisprudence would indicate that interruption of prescription does not result merely from a general, casual comment or acknowledgment, but must be intended and specific. As counsel for defendant pointed out, the Courts have apparently established guidelines for the application of the principle of interruption — the acknowledgment must be expressed and certain, it must be definite and it must be accompanied or coupled with the clear purpose and intention of the party to interrupt prescription by such an acknowledgment. From the evidence presented, the resolution of the Police Jury of Lafourche Parish adopted at its meeting on May 24, 1973, and the discussion at that meeting do not fall within these guidelines. Accordingly, the Court holds that this suit was filed almost two years after prescription had run and the exception must be sustained. There will be judgment accordingly.
We have carefully reviewed the record and agree with the conclusion reached by the trial court. The plaintiff has failed to prove that the police jury acknowledged the obligation in such a manner as to interrupt the running of prescription. The recognition of the mere existence of a disputed claim is not an acknowledgment within the contemplation of LSA-C.C. art. 3520 which will effect an interruption of the running of prescription. Moreover, the interruption of prescription has no effect beyond the specific right of the person to whom the debtor makes the acknowledgment. Flowers v. United States Fidelity & Guaranty Company, 381 So.2d 378 (La.1980).
Accordingly, we affirm the judgment appealed at appellant’s costs.
AFFIRMED.

. The property is described in the deed of acquisition as:
Certain lots of land situated in the Parish of Lafourche, State of Louisiana, on the right descending bank of Bayou Lafourche, and at a distance of about 15 miles below the town of Thibodaux, and at about one and one-half mile back from Bayou Lafourche, described as follows, to-wit:
Lots 47 and 48 of Sub-drainage District No. 1 (one) of Lafourche Drainage District No. 12 (twelve), containing eighteen (18) acres, more or less, as per plan of survey made by James S. Webb, C.E., on file with the clerk of court of said Parish of Lafourche, State of Louisiana.

. The defendant also filed on exception of no right of action, claiming that inasmuch as its commitment was to plaintiff’s ancestor in title, not to plaintiff, it was for Grabert’s personal use, so Autin did not have a right of action. The trial court dismissed the exception of no right of action by holding that the right was a real right as opposed to a personal right and thus was one subject to conveyance along with title to the land burdened with the servitude.

.The Resolution passed at the meeting reads as follows:
BE IT RESOLVED by the Lafourche Police Jury in Regular Session convened on May 24, 1973 that the Jury in keeping with the original commitment to the Bayou Folse Watershed, reaffirms its commitment to build the Bayou Folse Road, to furnish the Bridge at Nicholls University, to furnish fencing required, and to furnish bulkhead.
BE IT FURTHER RESOLVED that a certified copy of this resolution be forwarded to the ASCS, the Legislative Delegation and the Department of Public Works.
Thomas M. Barker, President
LAFOURCHE PARISH POLICE JURY
Ruben J. Boudreaux, Secretary
LAFOURCHE PARISH POLICE JURY