562 So.2d 1071 (1990)
RICHARD GUTHRIE & ASSOCIATES, A Professional Architectural Association
v.
James STONE and Winston Purvis.
No. 89-CA-1733.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 1990.
Daniel A. Ranson, Wade A. Langlois, Windhorst, Gaudry, Talley & Ranson, Harvey, for plaintiff/appellant.
Terence L. Hauver, Lowe, Stein Hoffman & Allweiss, and Judy Y. Barrasso, Dorothy H. Wimberly, Stone, Pigman, Walther, Wittmann & Hutchinson, New Orleans, for defendants/appellees.
Before GARRISON, BYRNES and ARMSTRONG, JJ.
GARRISON, Judge.
Plaintiff, Richard Guthrie and Associates, a Professional Architectural Association, filed suit on an open account against the defendants, James Stone and Winston Purvis on May 5, 1986. In 1982, the plaintiff performed architectural services on property located at 1445 Second Street in New Orleans. The defendants were married to each other at that time but were divorced in 1984. Defendant Stone claims that the property in question was purchased by Purvis as her separate property and that he never resided at that address. Defendant Purvis claims that she and Stone intended to establish their matrimonial domicile at 1445 Second Street.
Defendant Purvis filed a peremptory exception of prescription against the plaintiff arguing that a suit on an open account is subject to a three year prescriptive period according to LSA-C.C. art. 3494 and that more than three years elapsed between the plaintiff's final invoice for services dated September 30, 1982 and the filing of this lawsuit on May 5, 1986. Defendant Stone filed exceptions of prescription, no cause of action and no right of action against the plaintiff. The exception of prescription was filed for the same reasons assigned by defendant Purvis. Stone also claims that the plaintiff has no cause or right of action *1072 against him because the debt in question was the separate obligation of Purvis and that he only assumed liability for community obligations in the community property settlement between him and Purvis.
Plaintiff filed an opposition to Purvis' exception of prescription in which he attached an affidavit of Mickey O'Connor, a mutual acquaintance of Guthrie and Stone, in which O'Connor states that Stone acknowledged his debt to plaintiff in 1985 and assured O'Connor that the debt would be paid out of the community property settlement between him and Purvis. According to O'Connor, Stone also requested that O'Connor urge Guthrie not to institute litigation in this matter because the debt in question would be paid. Stone then filed a memorandum in support of the exception of prescription denying that he ever acknowledged the debt to Guthrie and arguing that even if the allegations in O'Connor's affidavit were accurate, they were insufficient to constitute an acknowledgment which would interrupt prescription.
This matter was heard before a commissioner of Civil District Court who referred the exceptions to the merits of the case. After testimony and other evidence was presented, the commissioner recommended that the defendants' exception of prescription be sustained. The commissioner found that more than three years elapsed between the time that the plaintiff's services were provided and the institution of this suit. Furthermore, the commissioner found that the evidence offered by plaintiff to prove acknowledgment of the debt so as to interrupt prescription was insufficient.
Plaintiff then filed an exception to the report of the commissioner. The trial judge dismissed plaintiff's exception to the commissioner's report and rendered judgment granting defendants' exception of prescription and dismissing plaintiff's suit on open account. Plaintiff now appeals.
On appeal, the appellant argues that the trial court erred in granting the appellees' exception of prescription and in finding that there had been no acknowledgment of the debt by the appellees. According to appellant, Stone's letters to Guthrie dated October 11, 1982 and October 18, 1982, which questioned the amount of Guthrie's bill for services, constituted written acknowledgments of the oral obligation in this case. Appellant then cites cases holding that a written acknowledgment of an oral obligation transforms an action into a personal action subject to a prescriptive period of ten years. See Jones v. Butler, 346 So.2d 790 (La.App. 1st Cir.1977); T.E. Mixon Lumber Company v. Boutte, 191 So.2d 165 (La.App. 3rd Cir.1966). Appellant also argues that Stone acknowledged the debt to Guthrie in a conversation in 1985 with Mickey O'Connor, a mutual friend of Stone and Guthrie, who testified at trial as to this alleged conversation.
LSA-C.C. art. 3464 states:
"Prescription is interrupted when one acknowledges the right of one person against whom he had commenced to prescribe."
In Emery v. Cabral, 400 So.2d 340 (La. App. 4th Cir.1981), writ denied at 405 So.2d 533 (La.1981) this court stated that the recognition of the mere existence of a disputed claim is not such an acknowledgment as will effect an interruption of the running of prescription. This court further stated that "the acknowledgment must be accompanied by or coupled with a clear declaration of intent to interrupt the prescription then running." Emery v. Cabral, supra, citing Marathon Insurance Co. v. Warner, 244 So.2d 353 (La.App. 2nd Cir. 1971).
The letters from Stone to Guthrie questioning Guthrie's bill show a recognition by Stone of the existence of the disputed claim but they do not show any clear intent on his part to interrupt the running of prescription. As for the testimony of Mickey O'Connor regarding Stone's alleged statement that he would "see to it that the bill was paid", which statement Stone denies making, the commissioner correctly noted that that evidence was not clear, specific and positive enough to show an acknowledgment of the debt. See Hilman v. Succession of Merrett, 291 So.2d 429 (La.App. 2nd Cir.1974).
*1073 Furthermore, even if it had been clearly shown that Stone had acknowledged the debt in a conversation with O'Connor, that acknowledgment would have been meaningless because an acknowledgment has no effect beyond the specific right of the person to whom the debtor makes the acknowledgment. Flowers v. U.S. Fidelity and Guaranty Co., 381 So.2d 378 (La. 1979); Autin v. Parish of Lafourche, 423 So.2d 98 (La.App. 1st Cir.1982). Because O'Connor was not a creditor of Stone, any statement made by Stone to O'Connor could not serve as an acknowledgment of Stone's alleged debt to Guthrie. Therefore, we find that neither the testimony of Mickey O'Connor regarding a 1985 conversation with Stone nor Stone's letters to Guthrie written in 1982 was sufficient to show an acknowledgment of the debt by Stone so as to interrupt prescription.
Alternatively, the appellant argues that it has causes of action against the appellees in quasi contract, quantum meruit and/or unjust enrichment and because these causes of action have prescriptive periods of ten years, appellant's claim against appellees is still viable. However, appellees argue that appellant's sole remedy in this case was under the open account statute, LSA-R.S. 9:2781, and that that action has prescribed because more than three years elapsed between the appellant's final invoice for services dated September 30, 1982 and the filing of this lawsuit on May 5, 1986.
Our courts look through the caption, style and form of pleadings to determine from the substance of the pleadings the nature of the proceedings. Griffith v. Roy, 269 So.2d 217 (La.1972). Therefore, the fact that the appellant styled its petition "Suit on Open Account" does not determine the nature of these proceedings. However, appellant's petition contains specific allegations applicable to suits on open account, i.e. that appellees failed to timely respond to a written demand for payment of the debt, that the written demand correctly set forth the amount owed and that a copy of the invoice was attached to the written demand. Furthermore, appellant alleged in its petition that it was entitled to attorney's fees pursuant to the open account statute.
The specificity of appellant's petition and the evidence presented at trial clearly indicate that the sole nature of these proceedings was a suit on an open account which was subject to a prescriptive period of three years according to LSA-C.C. art. 3494. Appellant cannot assert in this lawsuit at this time that it has alternative causes of action against appellees now that its suit on an open account has prescribed.
Therefore, for the reasons stated above, the trial court judgment is affirmed.
AFFIRMED.