578 So.2d 996 (1991)
FREEMAN, GYER, HEMELT & ASSOCIATES
v.
ESTATE OF John L. McKNIGHT and Jocelyn McKnight.
No. 90-CA-1431.
Court of Appeal of Louisiana, Fourth Circuit.
April 16, 1991.
*997 Nel F. Vezina, Jeffrey D. Salzer, Vezina and Associates, Gretna, for plaintiff-appellant.
Joseph P. Tynan, New Orleans, for defendants-appellees.
Before SCHOTT, C.J., and BYRNES and WARD, JJ.
SCHOTT, Chief Judge.
This is a claim for the balance due a firm of pathologists for laboratory work done on the blood of the deceased John L. McKnight at the request of his physician. Defendant, the succession of the decedent, filed peremptory exceptions of no cause of action and prescription. The trial court overruled the exception of no cause of action, but sustained the exception of prescription only with respect to charges made more than three years prior to the filing of the suit. Plaintiff has appealed.
Plaintiff filed suit on October 23, 1989 alleging that defendant's debt was the balance on an open account in the amount of $1,907.46. The account includes numerous charges between September 7, 1986 and January 15, 1987 and shows payment on the account on November 8, 1986 for $414.64 and on March 7, 1987 for $21.50 by *998 decedent's health insurer. The trial court found that this was not an open account because there was no expectation by the parties that these services would be continuous; instead, the account was for intermittent services not related to one another. Therefore, the trial court held that all charges made before October 27, 1986 were prescribed.
On appeal plaintiff argues that 1) this was an open account so that prescription did not begin to run until the date of the last services on January 15, 1987; 2) the payment by the health insurer on November 8, 1986 interrupted prescription; 3) letters written between May and August, 1989 by the attorney for the succession to plaintiff's attorney had the effect of interrupting or waiving prescription or acknowledging the debt.
In Colonial Products Company v. Park Place Homes, Inc., 282 So.2d 574 (La.App. 4th Cir.1973), the court found that an open account existed where there were running or current dealings between the parties with the expectation of further dealings. Plaintiff could not have the expectation of further dealings with the decedent when a blood sample was analyzed. The blood samples were sent by the physicians, and plaintiff had no relationship with decedent or knew anything about his condition which would lead to the expectation of future dealings with him. Thus, the trial court correctly concluded that this was not an open account subject to prescription under C.C. art. 3494(4).
Next plaintiff argues that the payments by decedent's health insurer were acknowledgments of the debt interrupting prescription under C.C. art. 3464. A payment on an open account which is imputed to a specific charge included therein does not interrupt the prescriptive period as to the balance of the account. Farlee Drug Center v. Belle Meade Pharmacy, Inc., 464 So.2d 802 (La.App. 5 Cir.1985). Because of the odd amounts paid by the insurer and the known fact that insurance payments are always made for specific charges the payments cannot be construed as general payments on the account so as to interrupt prescription.
Finally, plaintiff contends that the debt was acknowledged and prescription interrupted by letters written by the attorney for the succession. The burden was on plaintiff to prove that an acknowledgment was made by the succession as a result of the letters and that the attorney was authorized to make the acknowledgment so that prescription was interrupted. Gibson Greeting Cards, Inc. v. Cabibi, 237 So.2d 897 (La.App. 4th Cir.1970). In this case plaintiff neither proved nor even alleged that such an acknowledgment took place. On the other hand, the letters strongly support the conclusion that the debt was acknowledged and might even support the application of the doctrine of contra non valentem in plaintiff's favor. Consequently, we have concluded that the trial court correctly sustained the exception on the basis of the present pleadings, but the court erred in dismissing the suit as to those charges made before October 27, 1986.
When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment. C.C.P. art. 934. Since plaintiff may remove the grounds for prescription by alleging that the letters written by the attorney for the succession had the effect of acknowledging the debt or provide the basis for contra non valentem, the trial court erred in failing to order an amendment to the pleadings.
Accordingly, the judgment sustaining the exception of prescription is affirmed, but that part of the judgment dismissing plaintiff's suit for services rendered prior to October 27, 1986 is reversed and set aside. The case is remanded to the district court for further pleadings and proceedings consistent with this opinion. All costs of this appeal are taxed against defendant with other costs to await the outcome of the case.
AFFIRMED IN PART; REVERSED IN PART; REMANDED.
*999 WARD, Judge, concurring.
In reversing and setting aside the trial court's decision to dismiss plaintiff's suit for services rendered prior to October 27, 1986, the majority cites Colonial Products Co. v. Park Place Homes, Inc., 282 So.2d 574 (La.App. 4th Cir.1973). There the court found that an "open account" exists only where there are current dealings between the parties, with the expectation of further dealings. Id. at 575.
Consequently, in the instant case, the majority determined that an open account did not exist between plaintiff and defendant because plaintiff had no expectation of future dealings.
However, in 1976, three years after the Colonial Products decision, the Louisiana legislature passed La.R.S. 9:2781 in which it defined "open account:"
[.].. `open account' includes an account for which a part or all of the balance is past due, whether or not at the time of contracting the parties expected further transactions.
La.R.S. 9:2781(c). Accordingly, whether plaintiff had any expectation of future transactions with defendant is irrelevant; an open account did exist between plaintiff and defendant. Therefore, prescription did not begin to run until January 15, 1987, the last day plaintiff rendered services to defendant. Thus, defendant is liable for the entire unpaid balance of $1,907.46.