637 So.2d 745 (1994)
William M. DEAR, d/b/a Back & Neck Clinic of Louisiana
v.
Keith P. MABILE and Roxanne Mabile.
No. CA 93 1188.
Court of Appeal of Louisiana, First Circuit.
May 20, 1994.
*746 Leo J. D'Aubin, Baton Rouge, for plaintiff/appellant.
J. Louis Gibbens, New Iberia, for defendants/appellees.
Before CARTER, GONZALES and WHIPPLE, JJ.
WHIPPLE, Judge.
This is an appeal by plaintiff from a judgment maintaining defendants' peremptory exception pleading the objection of prescription. Plaintiff, Dr. William M. Dear, d/b/a Back and Neck Clinic of Louisiana, rendered a series of chiropractic services to Keith P. Mabile in the fall of 1987 and six months later, in the late spring and summer of 1988. On July 19, 1988, two partial payments were made on the account by Mr. Mabile's health insurance company. No other payments were made on the account.
On June 14, 1991, Dr. Dear filed suit against Mabile and his wife, Roxanne Mabile, for the balance due on the account, in the amount of $1,357.00, and for legal interest and attorney's fees. In response, the Mabiles filed a peremptory exception pleading the objection of prescription.
At the December 18, 1992 hearing on the exception, defendants argued that the two payments made by Mr. Mabile's insurer were payments for specific services rendered on and after May 27, 1988, rather than general payments on the account. Thus, defendants argued, plaintiff's claim based on services rendered on and before May 27, 1988, had prescribed.[1] The trial court, in oral reasons, agreed and held that the portion of plaintiff's claim for payment for services rendered on and before May 27, 1988, had prescribed.
By judgment signed December 28, 1992, the trial court maintained defendants' exception, and dismissed plaintiff's claim for payment of charges incurred on and before May 27, 1988. From this judgment, plaintiff has appealed, raising the following assignments of error:
(1) The trial court erred in failing to apply the ten year prescriptive period for contract actions; and alternatively,
(2) In applying the three year prescriptive period, the trial court erred in failing to find that the filing of suit less than three years from the last date of service and payment on the account interrupted prescription as to the entire balance due.
Defendants answered the appeal, seeking damages for frivolous appeal.

CLAIM IN CONTRACT OR OPEN ACCOUNT

(Plaintiff's Assignment of Error No. 1)
Plaintiff contends that the trial court erred in characterizing the transactions between the parties as an open account, subject to a three year prescriptive period. Instead, plaintiff contends that the true nature of the transactions is that of a contract, subject to a ten year prescriptive period.
*747 The character of an action as disclosed in the pleadings determines the prescriptive period applicable to that action. Starns v. Emmons, 538 So.2d 275, 277 (La. 1989). "Open account" is defined in LSA-R.S. 9:2781(C), as follows:
For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, "open account" includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. "Open account" shall include debts incurred for professional services, including, but not limited to, legal and medical services....
In the instant case, plaintiff alleged in his petition that he provided services to Mr. Mabile, and the ledger attached to the petition shows that these medical services were provided over a period of several months. Plaintiff further alleged that written demand was made in compliance with LSA-R.S. 9:2781, the open account statute, but that despite written demand in compliance with the statute, defendants had failed to pay the balance due on the account. Thus, in reviewing the substance of plaintiff's petition, we cannot say that the trial court committed manifest error in its factual finding that the transactions between the parties constituted an open account. See Richard Guthrie & Associates v. Stone, 562 So.2d 1071, 1073 (La.App. 4th Cir.), writ denied, 567 So.2d 107 (La.1990).
Plaintiff further contends that even if his action is based on an open account, it is also a contract action, and, as such, he should have the option to establish his claim under the contract theory, with a ten year prescriptive period. However, as articulated by the Louisiana Supreme Court in Starns: "[a]rticle 3494 does not present a choice between a contract remedy and some other remedy; it merely provides exceptions to the general rule stated in article 3499 that a personal action prescribes in ten years." Starns, 538 So.2d at 278. Thus, an action on open account, while arising from a contractual relationship, is an exception to the general prescriptive period of LSA-C.C. art. 3499. Accordingly, this argument is without merit.

PRESCRIPTION

(Plaintiff's Assignment of Error No. 2)
Having concluded that the trial court properly determined that the transactions between the parties constituted rendition of services on open account, we turn to plaintiff's argument that the trial court erred in its application of the three year prescriptive period of LSA-C.C. art. 3494. Louisiana Civil Code article 3494 provides, in pertinent part, for a liberative prescription of three years for an action on open account. Louisiana Civil Code article 3495 provides that "[t]his prescription commences to run from the day payment is exigible" and "accrues as to past due payments even if there is a continuation of labor, supplies, or other services."
As a general rule, the burden of proof rests upon a defendant pleading prescription. However, where the petition on its face, or the documents attached thereto and made a part thereof show that the cause of action has prescribed, plaintiff has the burden of proving a suspension or interruption of prescription to bring the action within the prescriptive period. Hilman v. Succession of Merrett, 291 So.2d 429, 431 (La.App. 2nd Cir.1974).
In the instant case, the ledger card attached to plaintiff's petition and "Request for Admissions of Facts and Genuineness of Documents" shows that services were provided from October 8, 1987, through December 4, 1987, and resumed on May 27, 1988, through July 6, 1988. Thus, on the face of the record, plaintiff's suit, filed on June 14, 1991, shows that a portion of the claim asserted by plaintiff (i.e., for the initial services rendered in the fall of 1987) had prescribed, despite the subsequent continuation of services on May 27, 1988. LSA-C.C. art. 3495. Plaintiff, therefore, had the burden of proving a suspension or interruption of prescription to bring the action within the prescriptive period. Hilman, 291 So.2d at 431.
*748 Plaintiff argues that the payments received from Mr. Mabile's insurer, on July 19, 1988, were general payments on the account made with the authority of Mr. Mabile and, thus, constituted an acknowledgement of the debt which interrupted prescription on the account balance. On the other hand, the argument presented by defendants and accepted by the trial court was that the two payments by Mr. Mabile's insurer were not general payments on the account, but were payments on specific charges, which did not interrupt prescription on the remaining balance. See Farlee Drug Center, Inc. v. Belle Meade Pharmacy, Inc., 464 So.2d 802, 805 (La.App. 5th Cir.1985).
The copy of the ledger card submitted by plaintiff establishes that the two payments by Mr. Mabile's insurer were posted as credits against the latter charges, for services rendered on May 27, 1988 through July 19, 1988. Moreover, it is apparent that the two insurance payments represent payment of 80% of the charges incurred during that period. A payment on an open account which is imputed to a specific charge included therein does not interrupt the prescriptive period as to the balance of the account. Freeman, Gyer, Hemelt & Associates v. Estate of McKnight, 578 So.2d 996, 998 (La. App. 4th Cir.1991). Because of the odd payment amounts by the insurer, which constitute the 80% paid by the insurer for the charges incurred on and after May 27, 1988, and because of the known fact that insurance payments are always made for specific charges, the two payments by Mr. Mabile's insurer cannot be construed as general payments on the account so as to interrupt prescription. Freeman, Gyer, Hemelt & Associates, 578 So.2d at 998. Therefore, we find no error by the trial court in its conclusion that the insurance payments, as payments on specific charges, were not an acknowledgement of the debt and, thus, that any claim related to services rendered by plaintiff more than three years prior to the filing of suit had prescribed.
This assignment of error also lacks merit.

ANSWER TO APPEAL
Defendants answered the appeal, seeking an award for damages for frivolous appeal. Damages for frivolous appeal are awarded pursuant to LSA-C.C.P. art. 2164. However, since this statute is penal in nature, it must be strictly construed. Nungesser v. Nungesser, 558 So.2d 695, 701 (La.App. 1st Cir.), writ denied, 560 So.2d 30 (1990); Fisk v. Mathews, 525 So.2d 223, 227 (La.App. 1st Cir.1988). Moreover, appeals are favored and penalties for frivolous appeal will not be imposed unless they are clearly due. Nungesser, 558 So.2d at 702; Fisk, 525 So.2d at 227. Even when an appeal lacks serious legal merit, damages for a frivolous appeal will not be awarded unless it is clear that the appeal was taken solely for the purpose of delay or that appellant is not serious in the position he advocates. Fisk, 525 So.2d at 227.
In the present case, appellant submitted an appellate brief, with citations of authority, setting forth his position on appeal. Although we find no merit in the assignments of error raised by appellant, we feel that appellant was sincere in advocating this position and did not take this appeal solely for the purpose of delay. Accordingly, we find that damages for frivolous appeal are not warranted.

CONCLUSION
For the foregoing reasons, we affirm the December 28, 1992 judgment of the trial court maintaining defendants' exception raising the objection of prescription as to services rendered on and before May 27, 1988. Costs of this appeal are assessed against plaintiff.
AFFIRMED.
NOTES
[1] The services provided by Dr. Dear to Mr. Mabile were rendered from October 8, 1987 through December 4, 1987, and from May 27, 1988 through July 6, 1988.