PETTIGREW, J.
12In this action alleging negligence and breach of contract, plaintiff, Oracle Oil, LLC (“Oracle”), challenges a trial court judgment sustaining a peremptory exception filed on behalf of defendant, EPI Consultants, A Division of Cudd Pressure Control Inc. (“EPI”), raising the objection of prescription and dismissing, with prejudice, Oracle’s claims. For the reasons that follow, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
At all times pertinent hereto, Oracle was the operator of the Lucille Broussard, et al. No. 1 well (“the Well”) located in Vermillion Parish. Oracle asserted that it contracted with EPI to provide consulting engineering services, on-site supervision, and other services in connection with the Well from April 8, 2008 through May 18, 2008. In connection with this work for Oracle, EPI allegedly used over 13,000 feet of rusty, scaly drill pipe and failed to properly inspect and clean the pipe before running it in the Well. In July 2008, Oracle attempted a cement squeeze job on the Well, which failed. An investigation ensued, following which Oracle became aware of the deficiencies and negligence in EPI’s work.
Oracle claimed that EPI failed to perform in a “good and workman-like manner” and negligently discharged its supervisory job duties, causing increased costs to be incurred by Oracle, including the loss of reserves, loss of revenue, and loss of business opportunities. On May 18, 2009, Oracle filed suit against EPI in the 19th Judicial District Court, asserting negligence and breach of contract claims and demanding damages for their alleged losses, including the cost of drilling a replacement well in the future. In response thereto, EPI filed exceptions raising the objections of prescription, improper venue, vagueness or ambiguity of the petition, and nonconformity of the petition with the requirements of La. Civ.Code art. 891. Following a hearing on August 24, 2009, the trial court found that venue was improper in the 19th Judicial District Court and granted EPI’s venue exception. The trial court ordered the matter transferred to the 32nd Judicial District Court. The trial court took no action on the remaining exceptions, but specifically reserved the matters to the 32nd Judicial District |sCourt to decide. A judgment in accordance with the trial court’s findings was signed on September 16, 2009.
In response to the transferred petition in the 32nd Judicial District Court, EPI once again filed the same exceptions it had raised in the 19th Judicial District Court. Following a hearing on April 9, 2010, the 32nd Judicial District Court maintained EPI’s exception raising the objection of vagueness or ambiguity of the petition and granted Oracle time to supplement and amend its petition to cure the defects. The trial court overruled the prescription exception as premature. A judgment was *67 signed in accordance with these findings on April 16, 2010.
On May 5, 2010, Oracle filed a first supplemental and amending petition. EPI subsequently filed an exception raising the objection of prescription. EPI argued that Oracle’s claim was delictual in nature and subject to a one year liberative prescriptive period pursuant to La. Civ. Code art. S492.[1] EPI alleged that although Oracle originally filed suit on May 18, 2009, presumably within the one year prescriptive period, it filed suit in an improper venue and did not serve EPI within the prescriptive period in order to interrupt prescription.[2] Thus, EPI asserted Oracle’s claim was prescribed and should be dismissed with prejudice. The matter proceeded to hearing on August 6, 2010. After hearing arguments and reviewing the evidence submitted, the trial court, adopting as its reasons for judgment EPI’s “Memorandum In Support Of Peremptory Exception Of Prescription,” granted EPI’s prescription exception and dismissed Oracle’s claim with prejudice. A judgment in accordance with the trial court’s findings was signed on August 17, 2010. It is from this judgment that Oracle has appealed, arguing that the trial court erred in granting EPI’s exception raising the objection of prescription.
| STANDARD OF REVIEW
A trial court’s findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review. Marin v. Exxon Mobil Corp., 2009-2368, p. 11 (La.10/19/10), 48 So.3d 234, 244-245; Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Stobart, 617 So.2d at 882-883.
PRESCRIPTION
At the trial of a peremptory exception, evidence may be introduced to support or controvert the defense of prescription, if its grounds do not appear from the petition. La.Code Civ. P. art. 931. Generally, in the absence of evidence, the objection of prescription must be decided based upon the facts alleged in the petition, which must be accepted as true. Kirby v. Field, 2004-1898, p. 6 (La.App. 1 Cir. 9/23/05), 923 So.2d 131, 135, writ denied, 2005-2467 (La.3/24/06), 925 So.2d 1230.
The plea of prescription must be specifically pleaded and may not be supplied by the court. La.Code Civ. Proc. art. 927(B). Ordinarily, the party pleading the exception of prescription bears the burden of proving the claim has prescribed. Hogg v. Chevron USA, Inc., 2009-2632, p. 7 (La.7/6/10), 45 So.3d 991, 998. Thus, unless prescription is evident from the face of the pleadings, the party raising the plea of prescription bears the burden of proof. King v. Phelps Dunbar, L.L.P., 98-1805, p. 9 (La.6/4/99), 743 So.2d 181, 188; Guillot v. LECC-Baton Rouge Inc., 2005-2537, p. 5 (La.App. 1 Cir. 12/28/06), 952 So.2d 42, 44.
In the instant case, prescription is not evident on the face of the petition. Oracle *68 originally filed suit on May 18, 2009, in the 19th Judicial District Court. EPI was served with a copy of Oracle’s petition on May 26, 2009. Following a hearing on a venue exception, the trial court transferred the matter to the 32nd Judicial District Court. Oracle alleged that EPI began working on the Well on April 8, 2008, and concluded its activities on May 18, 2008. However, according to Oracle’s first supplemental and |Bamending petition, it was not until an unsuccessful cement squeeze job on the Well in July 2008 that Oracle became aware of deficiencies in EPI’s work. Thus, on its face, Oracle’s petition was not prescribed, and the burden of proof on the prescription exception remained with EPI as the mover.
DISCUSSION
On appeal, Oracle asserts that its claim is not delictual and, thus, not subject to the one-year prescriptive period in Article 3492. Rather, Oracle maintains that its claim is contractual or quasi-contractual and that La. Civ.Code. art. 3499 provides the applicable prescription period. Article 3499 states: “Unless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years.” We find that regardless of whether Oracle’s claim lies in tort or in contract, it is not prescribed.
In oral reasons for judgment, the trial court stated, “It seems to me that ... the plaintiff knew about this, should have known about this.” The trial court further found that contra non valentem did not apply because the plaintiff “should have known all along.” As previously indicated, in granting EPI’s prescription exception, the trial court adopted as its reasons for judgment EPI’s “Memorandum In Support Of Peremptory Exception Of Prescription,” thus finding, as argued by EPI, that “at the latest, Oracle’s negligence and workmanship claims against EPI prescribed one year (and a day) from the date of the last work performed on May 18, 2008[, and] ... Oracle had to file their lawsuit against EPI by May 19, 2009 in order to prevent prescription of their negligence claims.” While we agree with the trial court that contra non valentem[3] does not apply [ fiin this case, we disagree with the trial court’s finding that Oracle should have known about the damage to the Well “all along.”
In Jordan v. Employee Transfer Corp., 509 So.2d 420 (La.1987), the Louisiana Supreme Court set forth a test for what constitutes notice sufficient to mark the commencement of prescription:
Prescription will not begin to run at the earliest possible indication that a plaintiff may have suffered some wrong. *69 Prescription should not be used to force a person who believes he may have been damaged in some way to rush to file suit against all parties who might have caused that damage. On the other hand, a plaintiff will be responsible to seek out those whom he believes may be responsible for a specific injury.
When prescription begins to run depends on the reasonableness of a plaintiffs action or inaction.
Jordan, 509 So.2d at 423.
At the outset, we note that the commencement of prescription is not an issue if Oracle’s claim is contractual. The suit was clearly filed within the ten-year prescriptive period applicable to personal actions such as contractual claims. Thus, there would be no need to look to when prescription began to run. However, if Oracle’s claim is found to involve allegations of tortious conduct causing damage to immovable property, the one-year liber-ative prescriptive period of La. Civ.Code art. 3493 would be applicable, and the reasonableness of Oracle’s actions and/or inac-tions will be germane to the determination of when prescription begins to run.
Pursuant to Article 3493, the one-year period “commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage.” La. Civ.Code art. 3493. Thus, the commencement of prescription under this article is triggered by actual or constructive knowledge of damage.
 Constructive knowledge has been defined by our courts as whatever notice is enough to excite attention and put the injured party on guard or call for inquiry. Such notice is tantamount to knowledge or notice of everything to which a reasonable inquiry might lead, and such information or knowledge as ought to reasonably put the injured party on inquiry is sufficient to start the running of prescription. Campo v. Correa, 2001-2707, p. 12 (La.6/21/02), 828 So.2d 502, 510-511; Lawrence v. Our Lady of the Lake Hosp., 2010-0849, pp. 9-10 (La.App. 1 Cir. 10/29/10), 48 So.3d 1281, 1287. In assessing whether an injured party possessed constructive knowledge sufficient to commence the running of prescription, this court’s ultimate consideration is the reasonableness of the injured party’s action or inaction in light of the surrounding circumstances. Hogg, 2009-2632 at 7, 45 So.3d at 997-998; Griffin v. Kinberger, 507 So.2d 821, 824 n. 2 (La.1987).
In support of its exception raising the objection of prescription, EPI submitted proof of service of the original petition, indicating that it was not served with Oracle’s petition until May 26, 2009. EPI also submitted the affidavit of Lupe Lopez, Division Manager of EPI. Mr. Lopez indicated that according to EPI’s records relative to the Well, EPI had not performed any services at the Well site before April 8, 2008 or after May 18, 2008. Thus, EPI maintained that Oracle’s claim was clearly prescribed and correctly dismissed by the trial court.
In opposition to EPI’s prescription exception, Oracle submitted the affidavit of Robert E. Brooks, President of Oracle. Mr. Brooks confirmed that EPI worked on the Well from April 8, 2008 through May 18, 2008. Mr. Brooks indicated that Oracle was invoiced and paid for all the work performed by EPI on the Well. Attached to Mr. Brooks’ affidavit were two invoices for services rendered to EPI that were both paid by Delphi Oil, Inc., the contract operator of the Well, on April 30, 2008, and June 13, 2008, respectively. Mr. Brooks noted that it was not until Oracle attempted an unsuccessful cement squeeze job in July 2008 that Oracle realized that EPI had engaged in negligent and deficient *70 acts that caused harm to the Well. Mr. Brooks further attested that had Oracle known about the deficiencies and negligent acts of EPI, the invoices sent by EPI would not have been paid in the manner in which they were paid.
The date on which prescription begins to run is a factual issue to be determined by the trier of fact. We review that determination under the clearly wrong standard. Webb v. Blue Cross Blue Shield of Louisiana, 97-0681, p. 6 (La.App. 1 Cir. 4/8/98), 711 So.2d 788, 792. We find that in this case, the trial court was clearly wrong in finding prescription began to run on May 18, 2008, as argued by EPI. Rather, | Rprescription began to run in July 2008 when the cement squeeze job failed on the Well. It was not until that time that Oracle became aware of damage to the Well and had a reasonable basis to conclude that EPI’s negligence and deficient acts had caused the damage. Because Oracle’s suit, although originally filed in a court of improper venue, was served on EPI on May 26, 2009, prescription had not yet run.
CONCLUSION
For the above and foregoing reasons, we reverse the August 17, 2010 judgment of the trial court sustaining EPI’s exception raising the objection of prescription and dismissing Oracle’s claims with prejudice. We remand the matter for further proceedings consistent with this opinion. All costs of this appeal are assessed against EPI Consultants, A Division of Cudd Pressure Control Inc.
REVERSED AND REMANDED.
McCLENDON, J., concurs and assigns reasons.
WELCH, J., concurs without reasons.

. Louisiana Civil Code article 3492 provides as follows with regard to delictual actions: "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained.”

. Pursuant to La. Civ.Code art. 3462, "If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.”

. To soften the occasional harshness of prescriptive statutes, our courts have recognized a jurisprudential exception to prescription: contra non valentem non crnrit praescriptio, which means that prescription does not run against a person who could not bring his suit. Contra non valentem is a Louisiana jurisprudential doctrine under which prescription may be suspended. Carter v. Haygood, 2004-0646, p. 11 (La.1/19/05), 892 So.2d 1261, 1268. Because the doctrine is of equitable origin, it only applies in exceptional circumstances. Gallant Investments, Ltd. v. Illinois Cent. R. Co., 2008-1404, p. 10 (La.App. 1 Cir. 2/13/09), 7 So.3d 12, 19. There are four recognized categories of this doctrine: (1) where there was some legal cause that prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action; (2) where there was some condition coupled with the contract or connected with the proceedings that prevented the creditor from suing or acting; (3) where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action; and (4) where the cause of action is not known or reasonably knowable by the plaintiff, even though this ignorance is not induced by the defendant. Carter, 2004-0646 at pp. 11-12, 892 So.2d at 1268.