STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

19-863

LUCAS PAUL ORSOT

VERSUS

ACADIAN AMBULANCE SERVICE, INC.

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2018-4784
HONORABLE G. MICHAEL CANADAY, DISTRICT JUDGE

**********

**PHYLLIS M. KEATY**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, Phyllis M. Keaty, and Jonathan W. Perry, Judges.

**AFFIRMED.**

**Rex D. Townsley**
**Jordan Z. Taylor**
**Jordyn A. Goody**
**The Townsley Law Firm**
**3102 Enterprise Boulevard**
**Lake Charles, Louisiana  70601**
**(337) 478-1400**
**Counsel for Plaintiff/Appellee:**
      **Lucas Paul Orsot**

**E. Trent McCarthy**
**The McCarthy Law Firm**
**7922 Picardy Avenue**
**Baton Rouge, Louisiana 70809**
**(225) 767-9055**
**Counsel for Defendant/Appellant:**
      **Acadian Ambulance Service, Inc.**

**KEATY, Judge.**

Defendant/Appellant, Acadian Ambulance Service, Inc., appeals the trial court's judgment granting an exception of prescription in favor of Plaintiff/Appellee, Lucas Paul Orsot. For the following reasons, the trial court's judgment is affirmed.

## FACTS & PROCEDURAL HISTORY

This appeal from a judgment granting an exception of prescription in a claim for an unpaid balance on an open account arises from medical transportation services rendered following a motor vehicle accident in Lake Charles, Louisiana. The motor vehicle accident occurred on June 7, 2015, when Lucas Paul Orsot collided with an eighteen-wheeler that was attempting to cross the highway. Orsot, who was twenty-two years old at the time, sustained serious injuries. Following the accident, Acadian Ambulance Service, Inc. transported Orsot to the hospital via helicopter. The invoice for Acadian's services rendered on June 7, 2015, totaled $23,090.00.

Acadian submitted a claim to Cigna, the alleged health insurer of Orsot's father, for payment. On August 11, 2015, Cigna submitted a partial payment of $13,017.64. On October 15, 2015, Acadian billed Orsot for the remaining balance of $10,072.36. Orsot did not pay the remaining balance. During the spring of 2018, a settlement was reached between Orsot and the alleged tortfeasor in the motor vehicle accident.

The instant appeal, however, arises from the Petition for Concursus and Exception of Prescription that Orsot filed against Acadian on November 9, 2018. Therein, Orsot alleged that Acadian's right to collect the unpaid debt had prescribed pursuant to La.Civ.Code arts. 3495 and 3277 because three years had elapsed without interruption from the date Acadian rendered its services on June 7,

2015. In conjunction with the concursus proceeding, Orsot deposited $10,072.36 into the registry of the court. A hearing on Orsot's exception occurred on February 28, 2019. At the hearing, Orsot's counsel was allegedly blindsided when Acadian's counsel produced a petition for suit on open account that Acadian had previously filed against Orsot on August 8, 2018, in Lake Charles City Court. Orsot's appellate brief claims that defense counsel neither included Orsot's counsel as an agent for service nor provided a courtesy copy of the petition. As a result, the trial court continued the hearing on the exception after stating the following:

> I don't understand why this might not have been shared before the hearing or something today, . . . It almost appears to be a . . . trial by ambush. I'm not certain I understand what I think this is suppose [sic] to connote. But, I don't know that the movers are in a proper position to reply to it without maybe reviewing the entirety of that record[.]

Orsot's counsel subsequently filed a Motion for Sanctions, alleging that the withholding of evidence necessitated a continuance of the hearing and incurred needless additional time and expense.

The second hearing on the exception occurred on June 5, 2019. After receiving evidence and hearing oral arguments from both sides, the trial court ruled that payment was exigible from the time Acadian rendered services to Orsot on June 7, 2015. Thus, the trial court held that the debt had prescribed before the city court suit was filed. According to its written judgment rendered one day later, the trial court granted Orsot's exception, dismissed with prejudice Acadian's lien against Orsot, ordered the funds deposited into the registry of the court, including interest, be released to Orsot, and assessed Acadian with court costs.

Acadian appeals the trial court's judgment. In its sole assignment of error, Acadian contends that "[t]he [t]rial [c]ourt erred in finding that Acadian's claim for

2

recovery against Orsot on open account became exigible on June 7, 2015, despite all evidence proving that the claim became exigible on or after August 11, 2015."

## STANDARD OF REVIEW

This court has previously discussed the applicable standard of review regarding an exception of prescription:

> The exception of prescription is governed by La.Code Civ.P. art. 927. The standard of review of a grant of an exception of prescription is determined by whether evidence was adduced at the hearing of the exception. If evidence was adduced, the standard of review is manifest error; if no evidence was adduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct. *Allain v. Tripple B Holding, LLC*, 13-673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278. The party pleading the exception of prescription bears the burden of proof unless it is apparent on the face of the pleadings that the claim is prescribed, in which case the plaintiff must prove that it is not. *Id.*

*Arton v. Tedesco*, 14-1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043.

In this case, evidence was adduced at the hearing such that manifest error governs. Under the manifest error standard of review, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. *Stobart v. State through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). "The date on which prescription begins to run is a factual issue to be determined by the trier of fact." *Oracle Oil, LLC v. EPI Consultants*, 11-151, p. 7 (La.App. 1 Cir. 9/14/11), 77 So.3d 64, 69, *writ denied*, 11-2248 (La. 11/23/11), 76 So.3d 1157. In order to reverse a fact finder's determinations, there are two requirements that must be met: "1) The appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and 2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous)." *Stobart*, 617 So.2d at 882. In this case, it is apparent on

the face of the pleadings that the claim has prescribed. As such, it was Acadian's burden to prove that the claim had not prescribed.

## DISCUSSION

In its sole assignment of error, Acadian contends the trial court erred in finding that its claim for recovery against Orsot became exigible on June 7, 2015. Rather, Acadian maintains the claim became exigible on August 11, 2015, when Cigna submitted partial payment to Acadian. Acadian argues that prescription was interrupted when it filed its suit on open account against Orsot in city court on August 8, 2018, because it was filed within three years of August 11, 2015. Alternatively, Acadian maintains that Cigna's partial payment interrupted prescription.

In opposition, Orsot maintains the trial court did not err in granting his exception because Acadian failed to sustain its burden of proving that its right to recovery had not prescribed. Orsot argues that payment became exigible on June 7, 2015, i.e., the date Acadian rendered services. He further maintains that Cigna's partial payment did not interrupt prescription.

In Louisiana, an action on an open account is subject to a liberative prescription of three years. La.Civ.Code art. 3494(4). "This prescription commences to run from the day payment is exigible. It accrues as to past due payments even if there is a continuation of labor, supplies, or other services." La.Civ.Code art. 3495. "After liberative prescription has commenced to run but before it accrues, an obligor may by juridical act extend the prescriptive period. An obligor may grant successive extensions. The duration of each extension may not exceed one year." La.Civ.Code art. 3505. "An extension of liberative prescription must be express and in writing." La.Civ.Code art. 3505.1.

4

"Prescription may be interrupted or suspended during the period of extension." La.Civ.Code art. 3505.4.

The supreme court in *Ledoux v. City of Baton Rouge*, 99-2061, p. 5 (La. 2/29/00), 755 So.2d 877, 879-80, explained the meaning of exigible as follows:

> Black's Law Dictionary defines an "exigible" debt as a liquidated and demandable debt; a mature claim. Comment (b) to article 3495 states:
>
>> On principle, liberative prescription commences to run from the day a cause of action arises and its judicial enforcement is possible. See 2 M. Planiol, Traite elementaire de droit civil 3 Pt. 2, at 358 (Louisiana State Law Institute trans. 1959):
>>
>> Liberative prescription begins to run as soon as the action accrues, or, as Pothier said "the day on which the creditor could institute his demand." It cannot commence sooner, because the time given for prescription should be a time during which the action can be exercised, and one cannot reproach the creditor for not having acted at a time when he did not have the right to do so. Otherwise, it could happen that the right would be lost before it could be exercised, which would be as unjust as absurd (Cass. Civ., 11 Dec. 1918, D.1923.1.96, P. and S.1921.1.161).

Based upon the foregoing articles, and after hearing arguments from both sides along with the testimony and documentary evidence presented at the hearing, the trial court found that payment became exigible on June 7, 2015. Thus, we must determine whether the trial court manifestly erred in finding that payment became exigible on June 7, 2015.

In that regard, Acadian argued at the hearing that payment became exigible on August 11, 2015, the date it received partial payment from Cigna. In support, it presented Acadian's invoice for services rendered to Orsot on June 7, 2015. The invoice reveals the amount charged to Orsot for services rendered on June 7, 2015, totaled $23,090.00. It further reveals that Cigna submitted a partial payment of $13,017.64 on August 11, 2015. In further support, Acadian offered into evidence

the live testimony of Thomas Leonards. Leonards, who is employed by Acadian as a manager of contracts and ancillary services, testified regarding Acadian's traditional billing practices.

> If we know there's third-party insurance, we will bill that third-party insurance, traditionally prior to sending any statement or bill to the patient. So, we will bill fully to the third-party insurance until it's adjudicated by that insurance in full, and then, subsequently, we may appeal if full payment has not been received from the third party. We will either appeal that primary insurance or continue on to the secondary insurance.

Leonards confirmed Acadian does not pursue a patient prior to disposition of an insurance resolution. Thus, Acadian's position is that it could not have made a claim prior to receiving the insurance payment from Cigna because it did not know the amount of Orsot's responsibility, if any, until after the insurance claim with Cigna resolved.

With respect to Leonard's testimony, Orsot maintains that the mere fact Acadian chose not to directly pursue him because of the alleged existence of third-party insurance, when it had the right and the ability to do so from the time services were rendered on June 7, 2015, cannot enlarge the prescription statute in its favor. In support, Orsot cites *Mid-South Analytical Labs, Inc. v. Jones, Odom, Spruill & Davis, LLP*, 40,089, pp. 5-6 (La.App. 2 Cir. 9/23/05), 912 So.2d 101, 105, *writ denied*, 05-2487 (La. 4/17/06), 926 So.2d 513, wherein the appellate court noted: "In a classic open account arrangement, payment for goods and services is generally exigible or payable upon delivery or performance."

Orsot further maintains that neither the presence of, nor payments by, the health insurer affected the prescriptive period applicable to the charges remaining on the open account. In support, he cites *Freeman, Gyer, Hemelt & Associates v. Estate of McKnight*, 578 So.2d 996 (La.App. 4 Cir. 1991), wherein the plaintiff argued that payments made by the decedent's health insurer were

6

acknowledgments of the debt, thereby interrupting prescription under La.Civ.Code art. 3464. In disagreeing with the plaintiff, the appellate court explained that "[a] payment on an open account which is imputed to a specific charge included therein does not interrupt the prescriptive period as to the balance of the account. *Farlee Drug Center v. Belle Meade Pharmacy, Inc.*, 464 So.2d 802 (La.App. 5 Cir.1985)." *Id.* at 998. The fourth circuit concluded: "Because of the odd amounts paid by the insurer and the known fact that insurance payments are always made for specific charges[,] the payments cannot be construed as general payments on the account so as to interrupt prescription." *Id.*

Orsot also cites *Dear v. Mabile*, 93-1188 (La.App. 1 Cir. 5/20/94), 637 So.2d 745, wherein a chiropractor brought suit against his former patient for payment for services rendered. The services were rendered from October 8, 1987 through December 4, 1987, and resumed again from May 27, 1988 through July 6, 1988. On July 19, 1988, two partial payments were made on the account by the defendant's health insurance company. The ledger card submitted by the plaintiff established that the two payments were posted as credits against the latter charges for services rendered May 27, 1988 through July 19, 1988. No other payments were made on the account. The plaintiff filed suit on June 14, 1991 for the remaining balance, after which the defendant filed a peremptory exception of prescription. Following the arguments at the hearing on the exception, the trial court determined that the payments made were for particular services rendered and, therefore, did not serve to interrupt prescription as to the entire account. The trial court granted the defendant's exception, finding that the portion of the plaintiff's claim for payment for services rendered on or before May 27, 1988, had prescribed. On appeal, the first circuit affirmed the trial court's judgment and held that the

7

payments made by a third-party payor for specific services rendered did not interrupt prescription as to the entire account. Specifically, the first circuit held:

> Because of the odd payment amounts by the insurer, which constitute the 80% paid by the insurer for the charges incurred on and after May 27, 1988, and because of the known fact that insurance payments are always made for specific charges, the two payments by Mr. Mabile's insurer cannot be construed as general payments on the account so as to interrupt prescription.

*Id.* at 748.

With respect to the instant matter, the trial court found that *Dear*, 637 So.2d 745, was analogous and applicable to the facts of this case. Although the trial court noted that *Dear* was not specifically on point, it explained that *Dear* revealed "the distinction between a payment having a finite date, as well as others." The trial court again noted that "the intent of prescription is to set a firm and finite date for things to run." The trial court examined the word "exigible" found in La.Civ.Code art. 3494 and stated that "[e]xigible means requireable." The trial court pointed to the additional language in La.Civ.Code art. 3495 which provides that prescription applies to the "accrual as to past due payments even if there is a continuation of labor, supplies, or other services." With respect to the additional statutory language, the trial court noted that there were other services which were "collecting from the insurance company first, which [was] a decision made by Acadian." This language shows that the trial court determined Acadian's business decision to collect from Cigna prior to collecting from Orsot did not enlarge the prescription statute. The trial court reasoned that "the statute intended . . . to go back to the date of service being the June 7th date."

Based upon our review of the record, we find a reasonable factual basis exists for the trial court's finding that Acadian's claim for recovery against Orsot became exigible on June 7, 2015. We, likewise, find that the record establishes the

trial court's finding of exigibility is not clearly wrong or manifestly erroneous. Accordingly, the trial court's judgment granting Orsot's exception of prescription is affirmed.

## DECREE

For the foregoing reasons, the trial court's judgment granting the exception of prescription in favor of Plaintiff/Appellee, Lucas Paul Orsot, is affirmed. All costs associated with this appeal are assessed to Defendant/Appellant, Acadian Ambulance Service, Inc.

**AFFIRMED**.