LUCIEN C. BERTRAND, Jr., Judge Pro Tem.
This is an appeal from a judgment sustaining an exception of prescription and dismissing plaintiffs suit. We affirm.
Marie B. Christen alleges that she received injuries when she tripped and fell in a parking lot on September 12, 1991. She attributes her fall to the negligence of A1 Copeland Enterprises, Inc.
Plaintiff filed a claim with Kemper Insurance Co. and in response received the following letter from the insurer’s claim department:
09/18/91
Dear Ms. Christen:
We are in the process of investigating your claim; however, Church’s, which is a part of A1 Copeland Enterprises, Inc. has filed Chapter 11 bankruptcy. Therefore, no payments can be made on any claim at this time. If and when A1 Copeland Enterprises Inc. resolves the Chapter 11 bankruptcy issue, we will be in contact with you.
If you have any questions concerning this claim, please do not hesitate to call our office.
Sincerely,
/s/ Heidi D. Allain
KEMPER GROUP, on behalf of National Loss Control Service Corporation
HEIDI D. ALLAIN
CLAIM DEPARTMENT
504/246-7310
On April 5,1991, A Copeland Enterprises, Inc. was placed in involuntary bankruptcy proceedings in Federal Bankruptcy Court. Copeland converted the action into a voluntary proceeding.
On April 17, 1991, the court ordered an automatic stay of proceedings pursuant to 11 U.S.C. § 362, et seq.
The matter remained dormant until her attorneys received the following letter from The Kemper Group:
02/08/93
Dear Mr. Luke:
We have been granted permission to process this above captioned claim as the automatic stay order has been lifted from our insureds’ accounts. In order for this claim to be processed, we need the following information:
1. Signed and dated medical authorization form.
2. Medical bills and reports pertaining to the above captioned accident.
3. Any other information your client may have in regards to this claim.
Once this information has been received, we will review this claim and get back to you as soon as possible on the final settlement. If you have any questions, please do not hesitate to call our office. Sincerely,
/s/ Heidi D. Alain
KEMPER RISK MANAGEMENT SERVICES
HEIDI D. ALLAN
CLAM DEPARTMENT
504/246-7310
Her attorneys responded with the following letter:
February 15, 1993
Dear Ms. Allain:
In keeping with your request of February 8, 1993 regarding the above captioned claim, I enclose herewith my client’s medical authorization, along with her medical bills and reports regarding the above accident.
Should you require any additional information, please do not hesitate to contact me. Thanking you for your consideration and prompt attention to a resolution of Ms. Christen’s claim, I remain
Very truly,
R.H. LUKE
RHL/ead
Enclosures
cc Marie Christen
and thereafter received the following letter:
03/09/93
Dear Mr. Luke:
We have discussed this claim with our corporate legal department as they have done research on the bankruptcy issue. *598 The courts have stated that bankruptcy does not interrupt the statute of limitations; therefore, as no suit was filed in this matter to interrupt the statute of limitations, we regret to inform you that we can not discuss any settlement negotiations in the above referenced claim.
Sincerely,
/s/ Heidi D. Allain
KEMPER RISK MANAGEMENT SERVICES
HEIDI D. ALLAIN
CLAIM DEPARTMENT
504/246-7310
On March 15, 1993, plaintiff filed suit and on June 3, 1993, the defendants filed the exception we are now considering.

SUSPENSION OF PRESCRIPTION BANKRUPTCY AUTOMATIC STAY ORDER

Plaintiff argues that her case has not prescribed because the automatic stay provision entered in the A1 Copeland Enterprises bankruptcy proceeding on April 17,1991 prevented her from instituting suit until the stay was lifted in 1993.
The Bankruptcy Code at 11 U.S.C. § 362(a) reads as follows:
Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 308 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of
(1)the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the ease under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title. (Emphasis added).
The automatic stay provided for in the above provision of the Bankruptcy Code is limited to actions that could have been instituted before the petition was filed or that are based on claims that arose before the petition was filed. It does not include actions arising post-petition. Bellini Imports v. Mason and Dixon Lines, Inc., 944 F.2d 199 (4th Cir.1991). See also Lee v. Champion Insurance Company, 591 So.2d 1364 (La.App. 4th Cir.1991) which held that an order placing a company in liquidation which stayed all suits and seizures previously filed did not extend the time for filing suits nor did it bar the filing of suits.
In support of her argument plaintiff cites Cole v. Celotex Corp., 611 So.2d 153 (La.App. 3d Cir.1992), "writ granted, 614 So.2d 1246, reversed and remanded, 620 So.2d 1154 (La. 1993).
The Cole case is a suit on an asbestos related lung disease involving the doctrine of contra non valentem.
This court’s opinion rendered in Cole does state that because of the automatic stay, the plaintiff was precluded from proceeding against the bankrupt. However, this statement is dicta and is not consistent with the above cited jurisprudence.
Plaintiffs claim for a suspension of prescription because of the bankruptcy automatic stay is without merit.

INTERRUPTION OF PRESCRIPTION BY ACKNOWLEDGMENT

Plaintiff next argues that she relied on the correspondence between her, her attorneys and The Kemper Group and that her detrimental reliance served to suspend the prescriptive period. She cites Civil Code Article 1967 in support of her position. However, we do not have a contract question before us and her argument more properly should be that the correspondence constituted an acknowledgment of the defendants’ obligation to her and therefore operates as an interruption of the prescriptive period provided for tort actions.
Prescription is interrupted when one acknowledges the right of the person against whom he had commenced to prescribe. La. C.C. Art. 3464.
Prescription of an unliquidated claim for damages may be interrupted by the ac *599 knowledgment of the debtor; however, for correspondence to effectuate an acknowledgment, it must evidence a clear intent to interrupt the running of prescription. Recognition of the mere existence of a disputed claim is not such an acknowledgment as will effect an interruption. Gaharan v. State, through DOTD, 566 So.2d 1007 (La.App. 3d Cir.1990), writ granted, 571 So.2d 619, two cases, affirmed in part, reversed, dismissed in part and remanded, 579 So.2d 420 (La.1991).
Prescription of a civil action based on an offense or quasi-offense is governed by the same rule pertaining to interruption by the debtor’s acknowledgment as other civil actions. Flowers v. U.S. Fidelity & Guaranty Co., 381 So.2d 378 (La.1980).
The representations contained in the correspondence in evidence in the case sub judice fall far short of an acknowledgment, and plaintiffs claim for interruption of prescription is without merit.
For the above reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to plaintiff-appellant, Marie Christen.
AFFIRMED.