WELCH, J.
|aThe plamtiffs/appellants, Diversified Strategies Fund, L.L.C. (“Diversified”) and Crystal Lakes Properties, L.L.C. (“CLP”), in its own right and as successor-in-interest to Anderson Associates, L.P. (“Anderson”), appeal a judgment sustaining the peremptory exceptions raising the objections of prescription and no cause of action filed by defendant/appellee, Teche Federal Bank (“Teche”), and the dismissal of their actions against Teche.[1] For reasons that follow, we reverse in part and affirm in part.
FACTUAL AND PROCEDURAL HISTORY
This matter involves a dispute over the enforcement of rights and obligations under a confirmed Chapter 11 bankruptcy plan. Denham Homes, L.L.C. (“Denham Homes”), an Illinois limited liability company, was the developer and owner of approximately 103.63 acres of property in Denham Springs, Louisiana. Denham Homes’ plan was to develop the property into the subdivision “Crystal Lakes.” The project proceeded as far as subdividing the propérty into approximately 214 individual home sites before Denham Homes filed for voluntary Chapter 11 bankruptcy in the Northern District of Illinois on January 28, 2010. .
During the initial bankruptcy proceeding, Teche, the principal creditor of Den-ham Homes, objected to the Third Amended Plan of Reorganization. As a result, Teche and Denham Homes entered into a settlement agreement on April 11, 2011, to resolve their disputes. Prior to confirma *111 tion of the settlement agreement, the bankruptcy court confirmed the Fourth Amended Plan of Reorganization (“Plan”), which incorporated the terms óf the settlement agreement as well as | addressed the claims of all of the other creditors. The parties’ rights and obligations under the Plan are at the core of this appeal.
The Plan lists various creditors according to class. Teche is listed with a Class 2 secured claim of approximately of $5.5 million and also with a Class 10 unsecured claim for $764,086.39. Other secured creditors included mechanic hen holders listed as Class 3-9 claims. Diversified and Anderson appeared as unsecured creditors holding Class 13 and Class 14 claims, respectively.
The Plan established a schedule of annual benchmarks for home site sales by Den-ham Homes as well as the amount of net proceeds to be collected. The sales benchmarks were set annually for 5 years from the May 6, 2011 effective date of the Plan. If met, sales were projected to generate net proceeds of approximately $7.9 million from the sale of all 214 home sites. Relevant to this appeal was the Plan’s requirement that by the first anniversary of the effective date, Denham • Homes was required to have sold at least 40 home sites and collected net proceeds of not less than $1,080,000.00.
Additionally, the Plan established a schedule for the distribution of net proceeds obtained from the sale of home sites according to each creditor’s particular class in the Plan. Initially, the net proceeds from the home site sales were to be paid to Teche and the Class 3-9 mechanic lien holders, with each creditor receiving 50% of the proceeds.[2] Once the Class 3-9 claims were satisfied, Teche’s percentage increased to 70% of the net proceeds and the Class 10 and Class 12 claims would be paid the remaining 30% bf the net proceeds until those claims were paid in full.
Once Teche’s Class 2 claim was paid in full,.the remaining creditors, including Diversified and Anderson, would then receive the net proceeds from |4home site sales in the order established under the Plan until the claims were-paid in full or until the last home site was sold, Teche was granted the right to foreclose on the mortgage without opposition in the event that Denham Homes failed to meet one or more of the benchmarks.,
A dispute between Teche and’ Denham Homes arose after Anderson paid off all Class 3-9 mechanic li¿n holders and said hens were cancelled from the public record over the course of August and September of 2011. Denham Homes and Anderson maintained that Anderson was subrogated to the position of the Class 3-9 lien holders under the Plan’s payment schedule as a result. Over the course of 2011, Denham Homes paid Teche 50% of the net proceeds in connection, with the sale of 19 home sites. In December of 2011, Teche learned of the cancellation of the Class 3-9 liens and notified Denham Homes that it objected to receiving only 50% of the net proceeds from the home site sales on the basis that the Class 3-9 mechanic liens claims were extinguished by their payment and subsequent cancellation in the public record. Teche maintained that it was entitled to 70% of the net proceeds from all past and future home site sales due to the extinguishment of the Class 3-9 claims.
*112 As a result of the payment dispute, when Denham Homes attempted to close with a potential - buyer on the sale1 of an additional 21 home, sites prior, to the May 6, 2012 anniversary of the Plan, Teche refused to release its mortgage, which prevented the sale from closing. The plaintiffs additionally allege that Teche similarly refused- to release its mortgage in connection with other proposed sales of home sites in 2012, causing- those - sales to fail. Ultimately; Denham Homes failed to meet the first anniversary benchmark for sales required under the Plan. ...
The Bankruptcy Proceeding
Citing Denham Homes’ failure to meet the first anniversary benchmark, Teche issued a notice of default on July 18, 2012 signaling its intent to foreclose |6on the property. The following day, Denham Homes filed a Motion to Reopen Bankruptcy Plan (“motion to reopen”) with the bankruptcy court in Illinois. After the motion to reopen was granted on August 27, 2012, Denham Homes filed a “Motion to Enforce Payment of Claims Provision of the Confirmed Chapter 11 Plan of Reorganization” (“motion to enforce”). There is no evidence in the record that an 11 U.S.C. §"362 stay was granted by the bankruptcy court in connection with either of these pleadings.
On November 29,'2012, the bankruptcy court issued an order denying Denham Homes’ motion to enforce' and closed the bankruptcy pursuant to 11 U.S.C. § 360(a). Specifically, the bankruptcy court found that Denham Homes did not follow the terms of the Plan with regard to the percentage of distributions that it made to Anderson from the initial home site sales and that Teche had properly refused to release its mortgage as to the prospective home site sales. Denham Homes appealed the bankruptcy court’s order to the federal district court in Illinois.
Notably, on March 13, 2013, during the pendency of the appeal, Teche seized and sold the property at sheriffs sale for $3.9 million, without opposition or objection, Teche then filed a motion to dismiss the appeal as moot because Denham Homes no longer had any assets to reorganize; therefore, no relief could be provided by a reversal.or modification of the bankruptcy court’s November 29, 2012 order. Den-ham Homes, in turn, requested that the bankruptcy court’s order be reversed or vacated because the order could impact any future disputes between the parties, in particular Teche’s possible attempts to recover the deficiency between the sale price of the property and the sums'remaining due under the mortgage.
Despite the on-going appeal in the Illinois federal court, the plaintiffs filed the instant action in Louisiana on February 28, 2014.,, On March 21, 2014, the | (¡federal district court dismissed the appeal finding Denham Homes’ lack of assets rendered consideration of the matter under bankruptcy law moot. Additionally, the federal district court also vacated the bankruptcy court’s entire November 29, 2012 order to protect Denham Homes against the potential preclusive, effect of the now unappeala-ble order on future litigation between the parties in another court. See United States v. Munsingwear, Inc., 340 U.S.. 36, 89, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950); In re Smith, 964 F.2d 636, 637 (7th Cir.1992). The federal district court noted the bankruptcy court’s now vacated findings remained available to any court that finds it persuasive, but added the order did not preclude a contrary determination by another court.
Action in the District Court
Denham Homes, Diversified, and CLP, individually, and as the successor-in-interest of Anderson,-filed a Petition for Damages and Declaratory Relief (“petition”) in *113 the 21st Judicial District Court.[3]- We briefly note from the outset that in addition to alleging that CLP. is the successor-in-interest'of Anderson,. the petition also alleges that Diversified had previously assigned all of its .rights and interests to CLP. These transfers of rights to CLP do not pose a problem under the|7Plan;, however, the assignment by Diversified to CLP does pose a procedural issue as to Diversified’s right of action under Louisiana law.[4]
The petition alleges a myriad of claims collectively and separately on behalf of the plaintiffs. The petition’s claims, center on the assertion that Teche’s refusal to release its mortgage in connection with the proposed home site sales prevented the collection and distribution of sale proceeds to the creditors as required by the Plan. The petition is divided into specifically alleged claims. The petition’s first claim alleges that all of the named plaintiffs are entitled to a declaratory judgment under La. Code Civ. P. art. 1871, et seq. declaring that the obligation under the Plan to pay the Class 3-9 lien holders 50% of the.home site net proceeds remains and is owed to Anderson as the subrogee of the .original lien holders:
Second, the petition alleges breach of duty and negligence claims for losses on behalf of Diversified, Denham Homes arid CLP, individually. Specifically, the petition alleges Teche’s breach of the following “broad duties” under to the Plan: - (1) to accept 50% of the home site proceeds until the Class 3-9 claims were paid in full and (2) to perform its obligation to clear the title on the home Sites so that the net proceeds from the sale the property could be used to make payments pursuant to the Plan. Third, the petition specifically alleges breach of contract claims for breach of contract on behalf of Denham Homes against Teche. Finally, the petition alleges specific allegations of tortious interference of contract against Teche on behalf of Denham Homes and CLP, individually.
Teche responded to.the petition by filing peremptory exceptions of prescription and *114 no cause of action. In its exception of prescription, Teche contends that the tort claims for negligence and breach of duty-alleged on behalf of Denham Homes, Diversified and CLP, individually, and as the successor-in-j ^interest of Anderson, are prescribed on their face because the acts giving rise to these claims occurred in 2011.
Teche’s exception of no cause of action challenges every claim contained in the petition. Teche asserts the Class 3-9 mechanic liens were extinguished by cancellation and the alleged subrogation to Anderson was without effect; therefore, there is no legal basis for the declaratory judgment. ■ Teche challenges the legal merit of the claims for tortious interference of contract urged on behalf of Den-ham Homes and CLP, individually. Finally, with regard to the tort claims asserted •on behalf of Diversified and CLP, individually and as the successor-in-interest of Anderson, Teche asserts that no obligations existed between the parties under the Plan; therefore, no duty exists between Teche and these plaintiffs to form the basis for their cause of action. Instead, Teche argues the plaintiffs’ cause of action, if it existed, was more properly directed at Denham Homes because it failed to meet the first anniversary benchmark for home site sales and caused the losses alleged by plaintiffs.
The plaintiffs oppose Teche’s exception of prescription and assert that the filing of the bankruptcy proceeding in July of 2012 interrupted prescription as to all tort claims. In response to Teche’s exception of no cause of action, the plaintiffs argue that the petition asserts sufficient facts to support causes of action in both tort and contract against Teche on behalf of Diversified and CLP, as the successor-in-interest of Anderson. Specifically, the plaintiffs argue that the Plan constituted a contract that created and modified rights between the parties who approved it prior to confirmation by the bankruptcy court. Finally, the plaintiffs argue the petition sufficiently alleges facts necessary to support their claims for tortious interference of contract and declaratory judgment.
In a judgment dated July 9, 2014, the district court sustained Teche’s exceptions of prescription and no cause of action as to all of the claims asserted on |9behalf of Diversified and CLP, individually, and as successor-in-interest to Anderson. The judgment expressly dismissed with prejudice all claims in the petition asserted by Diversified and CLP, individually, and as successor-in-interest of Anderson. With respect to Denham Homes, the judgment dismissed only its tortious interference with contract claim, but did not rule on any other claims asserted by ' Denham Homes in the petition.
The Instant Appeal — Assignments of Error
The instant appeal is filed on behalf of Diversified and CLP (referred to hereinafter as “plaintiffs”). The plaintiffs assign four errors to the district court’s July 9, 2014 judgment. First, the plaintiffs assert Denham Homes’ filing in the bankruptcy court interrupted prescription as to the plaintiffs’ tort claims; therefore, the district court erred in sustaining Teche’s exception of prescription. Second, the plaintiffs assert the district court erred in sustaining Teche’s éxception of no cause of action, as the petition asserts facts sufficient to support a claim for breach of contract, or, alternatively, a cause of action as third-party beneficiaries. In a third assignment of error, which appears related to the second assignment, the plaintiffs assert that because they were parties to the Plan, the district court erred in dismissing their action. Finally, the ' plaintiffs contend the district court *115 erred in not allowing the plaintiffs an opportunity to amend their petition under La. Code Civ. P. art. 934.
The plaintiffs do not raise in their appeal',' nor do we consider that portion of the July 9, 2014 judgment dismissing CLP’s individual claims for tort or tortious interference of contract urged in the petition. Further, the plaintiffs do not challenge in their appeal, nor do we consider that portion of the July 9, 2014 judgment dismissing the declaratory judgment as it relates to Diversified and CLP, individually, and as successor-in-interest of Anderson,
tmlssues on Appeal
I. Whether the plaintiffs’ tort claims for breach of the Plan are prescribed.
II. Whether the plaintiffs’ petition • states a cause of action -for breach of contract under. Louisiana law.
First Circuit — Rule to Show Cause Order
On December 3, 2014, this court, on its own motion, issued a rule to show cause order as to why the appeal should not be dismissed as the July 9, 2014 judgment appeared to be a partial judgment lacking the designation of finality required by La. Code Civ. P. art. 1915(B). The court’s questions arose due to the presence of the interlocutory judgment dismissing Den-ham Homes’ tortious interference of contract claim in the judgment. The parties filed briefs clarifying that the only appellants in the instant appeal are Diversified and Crystal Lakes Properties and classifying the listing of Denham Homes as an appellant on the cover of the brief as an inadvertent error. Further, the parties represent that the July 9,2014 judgment is final as to Diversified and CLP, as successor-in-interest of Anderson, as it dismisses all of their claims against Teche. We agree; therefore, the appeal is maintained.
EXCEPTION OF PRESCRIPTION
Standard of Review
A district court’s findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review. Marin v. Exxon Mobil Corp., 09-2368 (La.10/19/10), 48 So.3d 234, 244-45; Stobart v. State, Dept., of Transp. and Dev., 617 So.2d 880, 882 (La.1993). This includes the factual determination as to the date on ’which prescription begins to run. See Oracle Oil, LLC v. EPT Consultants, Div. of Cudd Pressure Control, Inc., 11-0151 (La.App. 1st Cir.9/14/11), 77 So.3d 64, 70, writ denied. 11-2248 (La.11/23/11), 76 So.3d 1157. If the district court’s findings are reasonable in light of the record h reviewed in its entirety, an appellate court may not reverse those findings even though convinced that, had it been sitting as the trier Of fact, it would have weighed the evidence differently. Stobart, 617 So.2d at 882-83.
Law and Discussion
Prescription runs against all persons unless they fall within an- exception provided by law. La. Civ. Code art. 3467. Delictual actions’ are subject to a libera-tive prescription of one year,- which commences., to run from the day injury or damage is sustained. La. Civ. Code art. 3492. The one year prescriptive period may be increased either by.interruption, which restarts the prescriptive period, or by suspension, which only stops it for the applicable time. La. Civ. Code arts. 3466 & 3472. Ordinarily, the party pleading the objection of prescription bears the burden of proving the claim has prescribed. Hogg v. Chevron USA, Inc., 09-2632 (La.7/6/10), 45 So.3d 991, 998. However; if a petition has prescribed on its face, the burden shifts to the plaintiff to *116 establish that prescription was suspended or interrupted. Wheat v. Nievar, 2007-0680 (La.App. 1st Cir.2/8/08), 984 So.2d 773, 775.
The same actions or omissions may constitute breaches of general duties as well as contractual duties and give, rise to causes of actions in tort. and contract. Franklin v. Able Moving & Storage Company, Inc., 439 So.2d 489, 491 (La.App. 1st Cir.1983). Here, the petition alleges that Teche’s refusal to release its mortgage in accordance with the Plan gave rise to tort and contract claims. Teche’s breach is alleged to have occurred between December, of 2011 and June of 2012; thus, the petition filed on February 28, 2014, alleging said tort claims associated with the breach is prescribed on its face, and the plaintiffs now bear the burden of proving their claims are not prescribed.
The plaintiffs argue that under La. Civ. Code art. 3462, Denham . Homes’ filing of the motion to reopen and motion to enforce in bankruptcy court in July of [1⅞2012 interrupted prescription as to their tort claims. Louisiana CM' Code Article 3462 provides that prescription is interrupted upon the filing of suit in a court of comper tent jurisdiction and venue. This interruption continues, while the suit is pending. La. Civ. Code art. 3463.-
The reopening of bankruptcy cases once they are closed is governed by 11 U.S.C. § 350(b), which provides “[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.” A motion to reopen a bankruptcy does not create a new action, but is “... little more than' a ministerial function which is designed to reactivate a case or bring it to the court’s attention, so that the court can receive and act upon some other request.” In re OORC Leasing, LLC, 359 B.R. 227, 228 (Bankr.N.D.Ind.2007). In this instance, Denham Homes filed the motion to enforce.
We find the plaintiffs failed to meet their burden to prove that the filing of the motion to reopen and motion to enforce interrupted prescription. We note the motion to reopen and the motion to enforce filed by Denham Homes were not entered into the record; thus, we find there is no evidence to demonstrate the facts or claims asserted, and. it cannot be found .that the motion to enforce in the bankruptcy proceeding encompassed the plaintiffs’ instant tort claims seeking damages. Based on the above, we find the plaintiffs have not presented evidence- to support their assertion that the filings by Denham Homes in the bankruptcy proceeding constituted commencement of the tori action asserted by the plaintiffs in the instant matter as contemplated by La. Civ. Code art. 3462.
On the issue of suspension of prescription, we note the Louisiana Supreme Court’s recognition in Wimberly v. Gatch, 93-2361 (La.4/11/94), 635 So.2d 206, 211, of four limited situations where the doctrine of contra non valentem applies to prevent the running of prescription. The only element enumerated in Wimberly which could arguably be asserted herein is the first element providing that [ ^prescription is suspended where there was some legal cause which prevents the courts or their officers from taking cognizance of or acting on the plaintiffs action. Id.
However, the. plaintiffs failed to present any evidence to demonstrate that an 11 U.S.C. § 362 stay was issued in connection with the reopened bankruptcy proceeding. Moreover, even if a stay had been urged, we note that courts have declined to extend the doctrine of contra non valentem under Louisiana law to include bankruptcy proceedings. See Christen v. Al Copeland *117 Enterprises, Inc., 93-1170 (La.App. 3rd Cir.4/6/94), 635 So.2d 596, 598; Rogers v. Corrosion Products, Inc., 42 F.3d 292, 294-295, (5th Cir.1995), cert. denied, 515 U.S. 1160, 115 S.Ct 2614, 132 L.Ed.2d 857 (1995), Finally, the fact the plaintiffs filed their petition for damages during the pen-dency of the appeal in federal court undermines a finding that the bankruptcy proceeding was an impediment to filing the state court proceeding.
The plaintiffs réquest they be afforded an opportunity to amend their petition pursuant to La. Code Civ. P. art. 934. When the grounds of an objection pleaded by peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order . such'amendment within the delay allowed by the court. If the grounds of the objection raised through the exception cannot be so removed, the action shall be dismissed. La. Code Civ. P. art. 934. The decision to allow amendment óf a pleading to cure the grounds for a peremptory exception is within the discretion of the district court. Pearl River Basin Land & Dev. Co., LLC v. State ex rel. Governor’s Office of Homeland Sec. & Emergency Preparedness, 09-0084 (La.App. 1st Cir.10/27/09), 29 So.3d 589, 594. ‘
For the reasons stated above, we find the plaintiffs failed to present evidence that the grounds for the exception of prescription can be removed by amendment of | uthe petition. Accordingly, .the district court did not abuse its discretion in declining to allow amendment of the petition with regard to the tort claims. We note that the district court’s judgment sustained the exception of prescription as to all of the plaintiffs’ claims, without any distinction between tort claims and contract claims, which have a prescriptive period of 10 years. La. Civ. Code art. 3499. It is unclear from, the judgment, but this ruling is presumably based on the district court’s finding that the plaintiffs, did not have a cause of action for breach of contract. However, as discussed below, we find, the petition does assert claims for breach of contract; thus, we affirm, in part, the district court’s judgment sustaining Teche’s exception of prescription and the dismissal only insofar as it relates to the plaintiffs’ tort claims.
NO CAUSE OF ACTION
Standard of Review
The reviewing court conducts a de novo review of a district court’s ruling sustaining an exception .of no cause of action, because the exception raises a question of law, and the lower court’s decision is based only on the sufficiency of the petition. Adams v. Owens-Corning Fiberglas Corp., 04-1296 (La.App. 1st Cir.9/23/05), 921 So.2d 972, 976, writ denied, 05-2501 (La.4/17/06), 926 So.2d 514.
Law and Discussion
A. cause of action, when used in the context of the peremptory exception, is defined as the operative facts that give rise to the. plaintiffs right to judicially assert the action against the defendant. Everything on Wheels Subaru,, Inc. v. Subam South., Inc., 616 So.2d 1234, 1238 (La.1993). ,The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. Ramey v. DeCaire, 03-1299 (La.3/19/04), 869 So.2d 114, 118. No’ evidence may be | ^introduced to support or controvert the exception raising the objection of no cause of action. La. Code Civ. P. art. 931.
All facts pled in the petition must be accepted as true. Rehardi v. Crewboats, Inc., 04-0641 (La.App. 1st *118 Cir.2/11/05), 906 So.2d 455, 457. In reviewing the petition to determine whether a cause of action has been stated, the court must, if possible, interpret it to maintain the cause of action. Any reasonable doubt concerning the sufficiency of the petition1 must be resolved in favor of finding that a cause of action has been stated. Livingston Parish Sewer Dist. No. 2 v. Millers Mut. Fire Ins. Co. of Texas, 99-1728 (La.App. 1st Cir.9/22/00), 767 So.2d 949, 952, writ denied, 00-2887 (La.12/8/00), 776 So.2d 1175. However, because Louisiana retains fact pleading, mere conclusory statements in the' petition, without supporting facts, are insufficient to set forth a cause of action. Montalvo v. Sondes, 93-2813 (La.5/23/94), 637 So.2d 127, 131 (La.1994).
The plaintiffs contend the confirmed Plan functions as a contract, which creates obligations between the respective parties thereto, and that the interpretation of the Plan as a contract is governed by the applicable state law. Additionally, the plaintiffs assert their petition alleges sufficient facts to support an action for breach of contract against Teche under Louisiana law. In contrast, Teche argues the Plan herein is not a contract but more akin to a judgment that establishes only obligations owed by Denham Homes, as the debtor, to its creditors. Therefore, according to Teche, there are no facts that the' plaintiffs can allege to state a cause of action for breach of contract;
We agree with the plaintiffs and find that the confirmed Plan functions as a contract under Louisiana law, which gives rise to enforceable rights and obligations between the parties. Our decision is guided by federal jurisprudence holding that a confirmed bankruptcy reorganization plan functions as a contract in its own right and is interpreted under state law. For instance, in In re U.S. Brass Corp., 301 F.3d 296, 307 (5th Cir.2002), the Fifth Circuit found the reorganization plan “functions as a contract in its own right,” and therefore, the plan at issue constrained the debtor’s right to submit certain disputes to arbitration, when the plan provided for the litigation Or settlement of said claims. Further, w'e note the holding of In re Offshore Diving & Salvaging, Inc., 226 B.R. 185, 188 (Bankr.E.D.La.1998), wherein the court found since a Chapter 11 bankruptcy plan functions as contract it must be interpreted under state law governing contracts. See In re Haber Oil Co. v. Swinehart, 12 F.3d 426, 443 (5th Cir.1994). There, the court applied Texas law to resolve a question regarding ambiguities in the plan regarding the status of a creditor’s claim. See also In re Charts Hosp., L.L.C., 360 B.R. 190, 193, n. 5 (Bankr.M.D.La.2007), wherein the bankruptcy court, citing In Re Offshore Diving & Salvaging, Inc., applied state contract law when resolving a dispute over ambiguities ⅜ a confirmed plan.
Finally, in Texas Mexican Ry. Co. v. Sun Drilling Products Corp., 04-2613, 2004 WL 2784949, at *5 (E.D.La. Nov. 30, 2004), (unpublished), the federal district court addressed the issue of whether a bankruptcy court abused its discretion in denying a creditor’s motion to reopen. A creditor sought to reopen the bankruptcy to enforce, payment provisions between it and the debtor under the confirmed plan after the debtor defaulted. In denying the motion to reopen, the bankruptcy court found the reopening was unsupported because the estate no longer contained any assets and the creditor had the option to pursue its contract claims under the plan in state court. The federal district court found the bankruptcy court had not abused its discretion and affirmed the bankruptcy court’s finding that the plan functioned as a contract in its own right. *119 Additionally, the federal district court found further support for the bankruptcy court’s denial, noting the breach of contract claims had been recently asserted by the creditor as part of a compulsive counterclaim to a declaratory action suit pending in district court.
1 ivGiven our finding that the Plan is an enforceable contract under state law, we next consider whether accepting the facts pled in the petition as true, the plaintiffs have asserted a cause of action for breach of contract against Teche. The essential elements of a breach of contract claim are (1) the obligor’s undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages-to the obligee. See La. Civ. Code art. 1994; Fawot v. Fawot, 10-0986 (La.App. 4th Cir.2/9/11), 68 So.3d 1099, 1108-09, writ denied, 11-0636 (La.5/6/11), 62 So.3d 127.
While the petition does not expressly assert breach of contract claims on behalf of the plaintiffs, we note the courts of this state require only a- pleading setting forth a concise statement of all causes of action arising out of, and of the material, facts of, the transaction or occurrence that is the subject matter of the litigation. La. Code Civ. P. art. 891. Here, the petition alleges the basic elements of a breach of contract claim. First, the petition alleges Teche, Diversified and Anderson were parties to the Plan as they all voted to accept the terms of the Plan and were listed as parties therein.. Relatedly, the petition also generally alleges Teche was required under the Plan to accept 50% of the home site net proceeds until the Class 3-9 mechanic liens were paid off and also had an obligation to release its mortgage on the home sites to. allow the sales to go forward, thus, allowing’ all the creditors to receive payment of their claims.' Second, the petition alleges Teché breachéd its obligation under the Plan when it refused to release its mortgage due to the dispute over the Class 3-9 liens. Third, the petition asserts this alleged breach prevented the collection of net proceeds from the sale of the home sites, thereby preventing Diversified from being fully settled and satisfied under the Plan.[5] Therefore, we find, accepting the allegations of the petition as true, | -^sufficient operative facts have been urged to state a cause of action on behalf of Diversified. However, the petition fails to assert a breach or loss claim with respect to Anderson. Thus, we find the petition deficient with respect to alleging a cause of action on behalf of Anderson.
1 Based on our recognition that'the Plan functions ás a contract, we find amendment of the petition'under'La. Code Civ. P. art. 934 may allow the removal of the grounds for'the exception of no cause of action as to Andersori’s breach of contract claim. As such, we remand the matter to the district court for further proceedings consistent with this opinion.
Our findings that the Plan is a contract and that the plaintiffs have sufficiently alleged they were parties .thereto, preter-mits our consideration of the plaintiffs’ claims concerning their status, as third-: party beneficiaries to (he Plan.
*120 No Right of Action-Diversified
We turn now sua sponte to a determination of Diversified’s right of action. The objection of no right of action may be urged by the defendant .or noticed by the court .on its own motion in either the district court or appellate court. La, Code CN P. arts. 927(B) and 2163; Howard, v. Administrators of Tulane Educational Fund, 07-2224 (La.7/1/08), 986 So.2d 47, 59. The objection of no right of action tests whether the plaintiff who seeks relief is the person in whose favor the law extends a remedy. Id. Generally, an action can only be brought by a person having a real and actual interest that he asserts. La. Code Civ. P. art. 681. If the pleadings fail to disclose a right of action, the claim may be dismissed, without evidence, but the plaintiff should be permitted to amend to state a right of action if he or she can do so. Howard, 986 So.2d at 59.
Louisiana Code of Civil Procedure Article 698 provides that an incorporeal right which has been assigned, whether unconditionally or conditionally for | ^purposes of collection or security, shall be enforced judicially by the assignee when the entire right is assigned. If the entire right has been assigned and suit is brought in the name of the assignor, the latter has no right of action. La. Code Civ. P. art. 698, comment (d).
As discussed briefly above, the petition names Diversified as a plaintiff; however, the petition also asserts that Diversified has assigned all of its rights and interest to CLP, who is also named as a plaintiff in the suit. During arguments before this court, the plaintiffs confirmed the assignment of all rights and interests by Diversified to CLP. Based on the, petition’s assertions regarding Diversified’s assignment of all of its rights and interest to CLP, wé find the petition fails to assert a right of action on behalf of Diversified and we dismiss Diversified as a party from the suit with prejudice. .
CONCLUSION
For the above reasons, we maintain the appeal. We find that Diversified Strategies Fund, L.L.C. has no right of action due to the' assignment of all of its rights and interests to Crystal Lake Properties, L.L.C. and dismiss Diversified Strategies Fund, L.L.Ci’s claims against Teche''Fed-eral Bank with prejudice. We reverse that portion of the judgment, which sustained the exception of no cause of action and dismissed the breach of contract claims asserted on behalf of Crystal Lake Properties, L.L.C., as the assignee of Diversified Strategies Fund, L.L.C., as the class 13 claimant under the Plan. However, we affirm that portion of the judgment, which sustained the exception of no cause of action and dismissed the breach of contract claims asserted on behalf of Crystal Lake Properties, LLC., as the successor-in-interest of Anderson Associates, L.P.; we further remand this matter to the district court to allow Crystal Lake Properties, L.L.C. as the successor-in-interest of Anderson Associates, L.P., to amend its pleadings, if possible, to state a cause of action against Teche Federal Bank for breach ofj^contract, and for-further proceedings consistent with this decision. We reverse in part the district court’s judgment, which sustained the exception of prescription in so far as the exception of prescription relates to the breach of contract claims asserted on behalf of Crystal Lake Properties, L.L.C., as the assignee of Diversified Strategies Fund, L.L.C. and as the successor-in-interest of Anderson Associates, L.P. In all other respects, we affirm'the ruling of the district court. All costs of this appeal are to be split equally between the parties. .
*121 APPEAL MAINTAINED; JUDGMENT RENDERED SUSTAINING NO RIGHT OF ACTION; AFFIRMED IN PART AND REVERSED IN PART; REMANDED WITH INSTRUCTIONS.

. The motion for suspensive appeal filed herein as well as the coversheet of the appellants’ brief states that it is being filed on behalf of Denham Homes, Diversified and CLP; however, Denham Homes seeks no relief and is not a party to this appeal. ■ '

. The Plan stated that initially the Class 3-9 and Class 11 claim holders would split 50% of the net proceeds received from home site sales in a pro rata fashion. However,, there are no Class 11 claims listed in the Plan, leaving the Class 3-9 mechanic lien holders to receive a full 50% of the initial net proceeds.

. We note that both the settlement agreement and Plan contain choice-of-law provisions not .referenced by the parties herein. , Article I, section I of the confirmed Plan provides as follows:
Except to the extent the Bánkruptcy Code or .Bankruptcy Rules are applicable, or unless otherwise stated in a document between the Debtor and any claimant, the rights and obligations arising under this Plan shall be governed by the laws of the State of Illinois, without giving effect to the principles of conflicts of law of the State of Illinois. Notwithstanding the foregoing, the Loan Documents, the Daigle Dispute and all rights of Mechanics Lien Claimants shall be governed by, and construed and enforced in accordance with, the laws of the State of Louisiana.
Recital 45 of the settlement agreement between Denham Homes and Teche provides as follows:
This Settlement Agreement, and any claims and disputes arising out of or in connection with this Settlement Agreement,- shall be governed by and construed in accordance with the laws of the State of Illinois without regard to its principles of conflicts of laws. As provided in Article 1(1) of the Plan, the rights and obligations arising under the Loan Documents shall be governed by, and construed and enforced in accordance with, the laws of the State of Louisiana.
We find that the parties have waived the above-referenced choice-of-law provisions and that Louisiana law applies herein. The • plaintiffs did not plead Illinois law in their petition and the parties’ arguments in the district court and before this court all cite and rely upon Louisiana law. See Fruge v. Amerisure Mut. Ins. Co., 663 F.3d 743, 747 (5th Cir.2011).

. Article I, section D of the Plan states: “The rights and obligations of any person or entity referred to in this Plan shall be binding upon and shall inure to the benefit of the successors and assigns of each such person or entity.”

. We note that the petition alleges a negligence claim on behalf of CLP, individually, on the basis that it was. unable to close on a proposed sale for home -,sites with Denham Homes. We observe that there is no allegation in the petition that CLP, individually, was a party to the Plan and that this allegation appears to overlap with CLP’s individual claim for tortious breach óf contract. Regardless, CLP, individually, has not appealed the dismissal of any of its individual claims; thus, the merits of this cause of action are not before this court for consideration.