# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

2021 CA 1276
2021 CW 1196

## MURPHY J. PAINTER, SR.

### VERSUS

## DUSTIN CLOUATRE, HUGHES INSURANCE SERVICES, LLC, PELICAN POST NEWS, L.L.C., WADE PETITE, RICKY BABIN, ABC INSURANCE COMPANY, CLINT COINTMENT

Judgment Rendered: **JUN 0 3 2022**

* * * * * * *

On Appeal from the 23rd Judicial District Court
In and for the Parish of Ascension
State of Louisiana
Trial Court No. 129,894

Honorable A. Bruce Simpson, Judge Presiding[1]

* * * * * * *

Kim Segura Landry
Gonzales, Louisiana

Ralph R. Alexis, III
Glenn B. Adams
Corey D. Moll
New Orleans, Louisiana

Attorney for Plaintiff/Appellant,
Murphy J. Painter, Sr.

Attorneys for Defendant/Appellee,
Ricky L. Babin, in his official
capacity as District Attorney, 23rd
Judicial District

* * * * * * *

**BEFORE: WHIPPLE, CJ., PENZATO, AND HESTER, JJ.**

---

[1] Serving *Pro Tempore* by appointment of the Louisiana Supreme Court.

**PENZATO, J.**

Appellant, Murphy J. Painter, Sr., appeals a judgment sustaining an exception of no cause of action and dismissing all of his claims against Ricky Babin in his official capacity as District Attorney for the 23rd Judicial District ("Babin") with prejudice. In an associated writ, Babin seeks review of a judgment denying his special motion to strike, in the event this court reverses the judgment sustaining his exception of no cause of action and dismissing all of Painter's claims against him. For the reasons that follow, we affirm the judgment and dismiss the writ application as moot.

## FACTS AND PROCEDURAL HISTORY

This case arises from actions alleged to have happened in connection with the 2019 election for Ascension Parish President. Painter and Clint Cointment qualified for a run-off election, from which Painter withdrew. On October 19, 2020, Painter filed this suit for damages to his reputation in the community against Babin, Cointment, Dustin Clouatre, Wade Petite, Pelican Post News, L.L.C., Hughes Insurance Services, LLC, and Westport Insurance Corporation.[2] In his petition, Painter alleged that Cointment conspired with defendants Clouatre and Petite to injure his chances of winning the election by having a news article and allegedly altered voice recording posted by the Pelican Post News, an online news source. Painter alleged the article contained knowingly false statements that implicated him in a scheme to cover up child rape allegations against an employee while he was the Chief Deputy in the Ascension Parish Sheriff's Office.

According to Painter's petition, in June 2019, Petite provided Babin with a copy of the voice recording and requested that he investigate Painter for possible crimes related to the recording. The petition states that Babin asked Painter to

---

[2] In his original petition, Painter named "ABC Insurance Company" as a defendant. By amended petition, Painter substituted "Westport Insurance Corporation for "ABC Insurance Company."

2

come to his office for a meeting to discuss the recording. According to Painter, Babin told him "the Sheriff and the State Police had already reviewed the recording and determined that [Painter] had not committed any wrongdoing nor was [Painter] a target of the investigation" and the purpose of the meeting was to determine if the District Attorney's office missed anything. Painter alleged that during their conversation, he questioned Babin about the recording and Babin refused to reveal the source of the recording and advised Painter that the recording had not been authenticated. According to Painter, the meeting with Babin never took place.

Painter further alleged that on October 18, 2019, several days after he and Cointment qualified for the run-off, the Pelican Post News published the news article with the edited version of the voice recording. According to Painter, on the same date that the article was published, Babin publicly announced his plan to bring "Painter before the grand jury to discuss the allegations of child rape that are mentioned in the recording." According to Painter, being publicly named by Babin as the subject of a grand jury investigation gave credence to the article, and "[f]aced with the power of the District Attorney and the fear of the District Attorney's control over the grand jury process and the evidence presented in support of indictments, while fighting a very heated second primary election in which public support was devastated," Painter withdrew from the run-off election.

Painter further alleged that Babin instituted grand jury proceedings, which resulted in Babin announcing on November 4, 2019 that the District Attorney's office found no evidence of any unreported rape cases that were covered up in connection with the voice recording. Painter alleged that Babin's public announcement of intent to bring Painter before a grand jury, and the institution of grand jury proceedings in which there was no probable cause, was instituted with malice. Painter further alleged that Babin's acts constituted "malicious,

3

intentional, willful, outrageous, reckless, and/or flagrant misconduct." According to Painter, Babin's actions were not intimately associated with the judicial phase of the criminal process, and Babin attempted to veil his misconduct under his administrative and investigative powers and duties. Painter further alleged that Babin was a co-conspirator in the actions of Petite, Clouatre, and Cointment.

In response to Painter's petition, Babin filed a peremptory exception of no cause of action, contending that Painter's claims were barred by the doctrine of absolute immunity.[3] He also filed a special motion to strike, asserting that Painter's petition did not assert any colorable claims under Louisiana law and involved matters of free speech by a public official about a public issue, and therefore should be dismissed.

A hearing was held on June 3, 2021. The trial court sustained Babin's exception of no cause of action on the grounds of absolute immunity. Babin asserted that the ruling sustaining the exception of no cause of action mooted his special motion to strike. Despite Babin's assertion, the trial court considered and denied Babin's special motion to strike. The trial court signed a judgment on July 1, 2021 in accordance with its oral ruling, sustaining Babin's exception of no cause of action and dismissing all of Painter's claims against Babin with prejudice. It is from this judgment that Painter appeals.

---

[3] Babin also plead an exception of prescription, alleging that any claims arising out of events occurring more that one year prior to the filing of Painter's suit were prescribed pursuant to La. C.C. art. 3492. Babin's exception of prescription was not ruled on by the trial court and is not a subject of this appeal.

The trial court signed a separate judgment, also on July 1, 2021, denying Babin's special motion to strike. Babin sought supervisory writs in connection with this judgment "out of an abundance of caution." In his writ application, Babin argues that in the event this court reverses the judgment sustaining his exception of no cause of action and dismissing all of Painter's claims against him, this court should review the trial court's denial of his special motion to strike. This court issued an order on December 6, 2021, referring Babin's writ to this panel, as the panel to which Painter's appeal is assigned.

***Painter's Appeal***

## ASSIGNMENTS OF ERROR

On appeal, Painter alleges the trial court erred in sustaining Babin's exception of no cause of action on the basis of absolute immunity. Painter also contends the trial court committed legal error by failing to apply a functional analysis to determine whether Babin's use of a grand jury proceeding was for an investigative purpose or for initiating a criminal proceeding for the purpose of applying absolute immunity.

## LAW AND DISCUSSION

The reviewing court conducts a *de novo* review of a trial court's ruling sustaining an exception of no cause of action because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition. *Adams v. Owens-Corning Fiberglas Corp.*, 2004-1296 (La. App. 1 Cir. 9/23/05), 921 So. 2d 972, 976, writ denied, 2005-2501 (La. 4/17/06), 926 So. 2d 514.

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the petition. *Ramey v. DeCaire,* 2003-1299 (La. 3/19/04), 869 So. 2d 114, 118. A cause of action, when used in the context of the peremptory

5

exception, is defined as the operative facts that give rise to the plaintiff's right to judicially assert the action against the defendant. *Everything on Wheels Subaru, Inc. v. Subaru South., Inc.,* 616 So. 2d 1234, 1238 (La. 1993). No evidence may be introduced to support or controvert the exception raising the objection of no cause of action. La. C.C.P. art. 931.

All facts pled in the petition must be accepted as true. *Denham Homes, L.L.C. v. Teche Federal Bank,* 2014-1576 (La. App. 1 Cir. 9/18/15), 182 So. 3d 108, 117. Because Louisiana retains a system of fact pleading, mere conclusory statements in the petition, without supporting facts, are insufficient to set forth a cause of action. *Montalvo v. Sondes,* 93-2813 (La. 5/23/94), 637 So. 2d 127, 131.

It is well-settled that the District Attorney and his assistants are absolutely immune from civil liability when acting within the scope of their duties in initiating and pursuing a criminal prosecution. *Sinclair v. State ex rel. Dept. of Public Safety & Corrections,* 99-2290 (La. App. 1 Cir. 11/3/00), 769 So. 2d 1270, 1271, writ denied, 2000-3331 (La. 1/25/02), 806 So. 2d 665. See also *Gauthier v. Ard,* 2018-0861 (La. App. 1 Cir. 7/23/19), 2019 WL 3311965, *2 (Prosecutors, acting within the scope of their traditional prosecutorial duties as advocates for the state, are entitled to absolute immunity from suit arising from conduct intimately associated with the judicial phase of the criminal process). A determination that prosecutors are entitled to absolute immunity for conduct within the course and scope of their prosecutorial functions does not mean that a prosecutor will be immune from suit in all cases. Immunity is granted only in those instances where the function being served is advanced by the extension of immunity. *Knapper v. Connick,* 96-0434 (La. 10/15/96), 681 So. 2d 944, 950. In *Buckley v. Fitzsimmons,* 509 U.S. 259, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993), the United States Supreme Court held that while the actions of a prosecutor that are intimately associated with the judicial phase of the criminal process and which occur in the

6

course of a prosecutor's role as an advocate for the state are entitled to absolute immunity, where prosecutors act in an investigatory, administrative, ministerial or other role that has no functional tie to the judicial process, only a qualified immunity is afforded. *Knapper*, 681 So. 2d at 950.

In his petition, Painter alleged causes of action for malicious prosecution, abuse of process, and defamation against Babin in his capacity as District Attorney for the 23rd Judicial District. Painter's allegations are that Babin instituted grand jury proceedings to investigate allegations of child rape mentioned in the voice recording provided to Babin, and that Babin made a public announcement of his intent to bring Painter before the grand jury. Painter further alleged that Babin subsequently announced that the District Attorney's office found no evidence of unreported rape cases in connection with the voice recording.

On appeal, Painter argues that his petition alleges that Babin's actions were for the purpose of "investigating" the matter, not "initiating a prosecution," and preclude a claim of absolute immunity.

Louisiana Code of Criminal Procedure article 61 provides:

Subject to the supervision of the attorney general, as provided in Article 62, the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute.

Accepting as true all of the allegations of Painter's petition, we find that Babin's decision to convene a grand jury to investigate allegations of unreported child rape cases and report this action to the public is within the purview of the duties of the district attorney, intimately associated with the judicial phase of the criminal process, and occurred in the course of his role as an advocate for the state. As the trial court correctly observed in granting Babin's exception of no cause of action:

If …absolute immunity did not apply to the grand jury proceeding, then we would have these circumstances where the absolute immunity may apply to the District Attorney for issues after an indictment is returned, but he would not have that protection for issues that arise

7

before the indictment is returned, and it seems to me that that would have great effects on the efforts of a District Attorney to perform his function as a prosecutor and would have harmful effects on society....

Accordingly, in light of the allegations of the petition, we find that Babin is entitled to absolute immunity.

Painter contends for the first time in his brief that he should be allowed to amend his petition to overcome the plea of immunity. Louisiana Code of Civil Procedure article 934 provides that when the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment; however, if the grounds of the objection raised through the exception cannot be so removed, the action shall be dismissed. Painter did not submit his request to amend his petition to the trial court, nor did he assign as error on appeal that amendment was disallowed. Under these circumstances, we find that Painter did not preserve his right to seek review of this issue and the interest of justice does not clearly require otherwise. See Uniform Rules–Courts of Appeal, Rule 1-3; *Naquin v. Bollinger Shipyards, Inc.*, 2013-1638 (La. App. 1 Cir. 5/2/14), 147 So. 3d 207, 213, writ denied, 2014-1091 (La. 9/12/14), 148 So. 3d 933.

Based upon the above, we find the trial court correctly sustained Babin's exception of no cause of action and dismissed all of Painter's claims against Babin with prejudice.

*Babin's Application for Supervisory Writs*

Because we have affirmed the July 1, 2021 judgment sustaining Babin's exception of no cause of action and dismissing Painter's claims against Babin, we dismiss as moot Babin's application for supervisory review of the July 1, 2021 judgment denying Babin's special motion to strike.

8

## CONCLUSION

For the foregoing reasons, we affirm the July 1, 2021 judgment sustaining the exception of no cause of action and dismissing all claims of appellant, Murphy J. Painter, Sr., against Ricky Babin in his official capacity as District Attorney for the 23rd Judicial District with prejudice. We dismiss as moot the application for supervisory writs from the July 1, 2021 judgment denying the special motion to strike filed on behalf of Ricky Babin in his official capacity as District Attorney for the 23rd Judicial District. All costs of this appeal are assessed to Murphy J. Painter, Sr.

**AFFIRMED; WRIT APPLICATION 2021 CW 1196 DISMISSED AS MOOT.**